THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* THE BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY, Appellant.

*Opinion filed October 28, 1910.*

1. CONSTITUTIONAL LAW—*act to prevent unjust discrimination in freight rates is not invalid.* Section 3 of the act to prevent unjust discrimination in rates charged by railroad companies, as amended in 1873, in so far as it prohibits railroad companies from charging a greater rate for freight hauled a certain distance than is charged for hauling the same class of freight, in the same direction, for a longer distance, and which makes proof of such a discrimination *prima facie* evidence of the unjust discrimination prohibited by the act, is not unconstitutional.

2. SAME—*act to prevent unjust discrimination in rates is not invalid because of its penalties.* The act to prevent unjust discrimination in rates charged by railroad companies is directed against the corporations and not against their officers and agents, and in defending a charge of unjust discrimination the corporation is not restricted to challenging the validity of the act, but may show that the discrimination was not, in fact, unjust, and hence the act is not in violation of the provision of the constitution prohibiting penalties not proportioned to the offense.

3. RAILROADS—*when People are entitled to judgment for penalty for unjust discrimination in freight rates.* In an action of debt by the People against a railroad company for violation of sec-

tion 3 of the act to prevent unjust discrimination in rates, the People are entitled to judgment on proof that the defendant charged more for hauling freight a certain distance than it charged for hauling the same class of freight at the same time, in the same direction, for a longer distance, where the defendant offers no evidence in its behalf to show that the discrimination was not unjust.

APPEAL from the Circuit Court of Sangamon county; the Hon. OWEN P. THOMPSON, Judge, presiding.

GRAHAM & GRAHAM, (EDWARD BARTON, of counsel,) for appellant:

The reasonableness or unreasonableness of an act fixing penalties must be determined by a consideration of the penalties prescribed in relation to the cases which appear, from a reading of the act, to come within the penalties provided. *Ex parte Young,* 209 U. S. 123.

The penalties provided by the act under consideration amount to a deprivation of the right to equal protection of the laws and to due process of law, in violation of the fourteenth amendment to the constitution of the United States, because a railroad company can assert its right to charge different rates for the same service under different circumstances only by taking a risk that a jury may say its reason for difference in charge is insufficient, and it will thereupon be liable to the terrific penalties of this act, which are so extreme as to frighten such companies out of any attempt to enforce these rights. *Cotting* v. *Goddard,* 183 U. S. 79; *Ex parte Young,* 209 id. 123; *Gas Co.* v. *Mayer,* 146 Fed. Rep. 150; 157 id. 881; *Wilcox* v. *Gas Co.* 212 U. S. 19; *Railroad Co.* v. *Hadley,* 168 Fed. Rep. 317.

The act under consideration, in connection with the known facts that rates must frequently be fixed upon a basis other than that of strict mileage, makes it uncertain when a criminal act is committed, and this uncertainty is such that the penalty provided cannot be enforced. *Railroad Co.* v. *People,* 67 Ill. 23; *Railroad Co.* v. *Jones,* 77

id. 446; *Railroad Co.* v. *Commonwealth,* 99 Ky. 132; *Mc-Chord* v. *Railroad Co.* 183 U. S. 483.

W. H. STEAD, Attorney General, (D. G. THOMPSON, ROYAL WRIGHT, and H. L. CHILD, of counsel,) for the People:

Fines and penalties are to be fixed with reference to the object to be accomplished, and their imposition and regulation belong to the legislature, to whose discretion and judgment the widest latitude is conceded. Courts will not attempt to control or restrain the legislative discretion in the matter of fixing the amount of fines and penalties, except in cases where the minimum penalty is so plainly disproportionate to the offense or act prohibited as to shock the sense of mankind. *Railway Co.* v. *People,* 217 Ill. 164.

Though penal statutes are to be strictly construed, the fact that a statute imposes a severe penalty is no reason for construing away its efficacy if it be clear and unambiguous. *Kruse* v. *Kennett,* 181 Ill. 199.

The constitutionality of the Illinois statute of 1873, under which this prosecution is brought, is not an open question in this State, the statute having been passed on and upheld in numerous decisions of this court. *People* v. *Railway Co.* 104 Ill. 476; 105 id. 238; 118 U. S. 551; *Railroad Co.* v. *Jones,* 149 Ill. 361; *Railroad Co.* v. *People,* 121 id. 304.

Mr. JUSTICE FARMER delivered the opinion of the court:

This suit is an action of debt on the statute, brought in the name of the People, against appellant, for unjust discrimination, in violation of section 3 of the act originally passed in 1871 and amended in 1873, to prohibit extortion and unjust discrimination in rates charged by railroad companies for the transportation of freights and passengers and providing punishment for a violation of the act. (Hurd's Stat. 1909, chap. 114, p. 1760.)

The declaration charged that appellant was operating a line of railroad from Beardstown, Illinois, through the stations of Pleasant Plains and Richland, to the city of East St. Louis, Illinois, by way of Flora, Illinois; that the distance from Pleasant Plains to East St. Louis over appellant's said line is ten miles farther than the distance over the same line of railroad from Richland to East St. Louis; that on the 4th day of August, 1905, appellant accepted of the Pleasant Plains Farmers' Elevator Company, at Pleasant Plains, for transportation to East St. Louis, a car-load of bulk oats and charged as freight for transporting the same $38.50, which was at the rate of seven cents per hundred pounds; that on the same day appellant accepted from the Richland Farmers' Elevator Company, at Richland, for transportation to East St. Louis, a car-load of bulk oats and charged as freight for its transportation $39.28, which was at the rate of eight cents per hundred pounds; that both of said cars were of the same class of freight and were carried by appellant at the same time over the same line of railroad, by means whereof appellant was guilty of making an unjust discrimination in the rates of freight, toll or compensation in the State of Illinois, contrary to the statutes. Appellant demurred to the declaration, and assigned as special grounds of demurrer that the statute violated the fourteenth amendment to the constitution of the United States, in that it deprived citizens of property without due process of law; that it denied persons in the State the equal protection of the laws, and that the penalties provided by the statute were confiscatory, extortionate and not proportioned to the offense. The demurrer was overruled and appellant pleaded *nil debet*. Replication was filed and the cause tried by a jury. Appellant objected to all the evidence offered by appellee and offered no evidence on its behalf. At the close of appellee's evidence appellant moved the court to instruct the jury to return a verdict of not guilty. The motion was denied, and the jury returned a

verdict finding appellant guilty and fixing the penalty at $1000. The court overruled a motion for a new trial and rendered judgment on the verdict, and the case is brought to this court by appeal.

The errors assigned raise the constitutionality of the statute, and one of the grounds of this contention is, that railroad companies are not required to arrange all their freight charges on an arbitrary mileage basis; that such a requirement would be unreasonable and unjust, because conditions may, and often do, exist in the operation of a railroad which necessarily make the expense of hauling a given number of miles greater than the expense of hauling the same number of miles under other conditions. It is argued that it is uncertain from the statute what is a just and reasonable rate, toll or compensation to be charged, and different courts and juries might reach different conclusions, from the same testimony, as to whether the statute has been violated.

We do not understand the question whether the rate charged in this case was reasonable or unreasonable is involved. The act of which section 3 is a part was adopted for the purpose of preventing unjust discrimination in the rates charged by railroad companies for the transportation of persons and freight in this State and to provide punishment for its violation. It is not charged in the declaration that the rate charged for hauling either of said cars of oats was in excess of the schedule of maximum rates fixed by the railroad and warehouse commissioners under section 8 of the act. Section 3, among other acts of discrimination, prohibits a railroad corporation in this State from charging for transportation of freight over its line the same or a greater amount as toll or compensation than is at the same time charged for transportation, in the same direction, of a like quantity of freight of the same class over a greater distance of the same railroad. "All such discriminating rates, charges, collections or receipts * * * shall be

deemed and taken, against such railroad corporation, as *prima facie* evidence of the unjust discriminations prohibited by the provisions of this act." The charge here is unjust discrimination in taking and receiving a greater sum as compensation for carrying a car-load of oats from Richland to East St. Louis than was charged and received for carrying a car-load of oats from Pleasant Plains to East St. Louis, the distance from Pleasant Plains to East St. Louis being, as shown by the evidence, about four miles greater than the distance from Richland to East St. Louis. The charge in the declaration, as we have said, was that this was an unjust discrimination, and it is not charged that the rate in either case was unreasonable. The first section of the act forbids railroad companies charging more than a fair or reasonable toll or compensation.

While the validity of the act on the grounds referred to is not involved in this case, if it were it has been decided contrary to appellant's contention in *Illinois Central Railroad Co.* v. *People,* 121 Ill. 304, *Chicago, Burlington and Quincy Railroad Co.* v. *Jones,* 149 id. 361, and *Chicago and Alton Railroad Co.* v. *People,* 67 id. 11. The last cited case was decided before the amendment of 1873, and the amended act remedied the defects pointed out by the court in the original act. The original act prohibited any discrimination under any circumstances. The court held that the constitution conferred power on the legislature to prohibit unjust discrimination, but under the act as it then existed mere proof of discrimination made out a case against the railroad company, and it was not permitted to show that the discrimination was not unjust and that valid reasons existed for making it. The only penalty imposed was a forfeiture of the franchise of the company. The court said (p. 26) : "Before this act can be enforced it should be so amended as to correspond with the requirement of the constitution by directing its prohibitions against *unjust* discriminations. It should make the charging of a greater

compensation for a less distance, or for the same distance, merely *prima facie* evidence of unjust discrimination instead of conclusive evidence, as it now is, and it should give to the railway companies the right of trial by jury, not only on the fact of discrimination, but upon the issue whether such discrimination is just or not." The act as amended in 1873, and as it has existed since that time, conformed to these suggestions of the court. In *Illinois Central Railroad Co.* v. *People, supra,*—a case very much in point,—the court said (p. 318): "Discriminations made in good faith because of such differences in expense of carriage, and·proportioned with reference thereto, are undoubtedly just and not within the purview of the statute. But it devolves upon the railroad company, relying upon such facts as a defense to a suit for unjust discrimination, to prove them to the satisfaction of the court."

We do not see how it can be said that any constitutional right of the appellant is violated by this statute. The appellant was charged with unjust discrimination in charging a larger sum as toll or compensation for hauling a shorter distance than it charged for hauling a greater distance at the same time over the same line. It did not deny the facts charged and offered no explanation or excuse. If it was justified in making the discrimination it was at liberty to make proof to that effect. The proof on the part of appellee made a *prima facie* case, which appellant had the right to rebut if any reason·existed why the discrimination was justified. It did not attempt to do so, and the *prima facie* case made by appellee warranted a verdict against appellant.

It is next contended that the penalties prescribed for a violation of the statute are so severe and excessive as to shock the sense of justice and violate the constitutional provision that all penalties shall be proportioned to the nature of the offense. The penalties provided for a violation of the act under which this suit is brought are in section 4·of the act. Said section is as follows: "Any such railroad

corporation guilty of extortion, or of making any unjust discrimination as to passenger or freight rates, or the rates for the use and transportation of railroad cars, or in receiving, handling or delivering freights, shall, upon conviction thereof, be fined in any sum not less than one thousand dollars ($1000), nor more than five thousand dollars ($5000), for the first offense; and for the second offense not less than five thousand dollars ($5000), nor more than ten thousand dollars ($10,000); and for the third offense not less than ten thousand dollars ($10,000), nor more than twenty thousand dollars ($20,000); and for every subsequent offense and conviction thereof, shall be liable to a fine of twenty-five thousand dollars ($25,000): *Provided,* that in all cases under this act either party shall have the right of trial by jury."

Much reliance is placed by the appellant upon *Ex parte Young,* 209 U. S. 123, and *Cotting* v. *Kansas City Stock Yards Co.* 183 id. 79. We are of opinion those cases are clearly distinguishable from the case at bar. In the *Young case* an act of the legislature of the State of Minnesota fixed two cents per mile as the maximum passenger rate to be charged by railroads in the State of Minnesota, and provided that any railroad company, or any officer, agent or representative thereof, who should violate the act should be guilty of a felony, and upon conviction be punished by a fine not exceeding $5000, or by imprisonment in the penitentiary not exceeding five years, or by both fine and imprisonment. Another act of the same legislature, passed a few days later, fixed freight rates between stations in the State of Minnesota. That act provided a penalty for its violation of not exceeding ninety days in jail of any officer, director or agent who violated it or counseled, advised or assisted in its violation. These acts made the rates fixed conclusive of their reasonableness and their justness, and proof of their violation subjected the corporation or person committing the act to the penalties prescribed. No inquiry

could be had into the reasonableness or justness of the rate. Only one defense was open to the corporation or party violating it, and that was, that the act itself was invalid. The court said (p. 147) : "If the law be such as to make the decision of the legislature or of a commission conclusive as to the sufficiency of the rates, this court has held such a law to be unconstitutional. (*Chicago, etc. Railway Co.* v. *Minnesota,* 134 U. S. 418.) A law which indirectly accomplishes a like result by imposing such conditions upon the right to appeal for judicial relief as works an abandonment of the right rather than face the conditions upon which it is offered or may be obtained is also unconstitutional. It may therefore be said that when the penalties for disobedience are by fines so enormous and imprisonment so severe as to intimidate the company and its officers from resorting to the courts to test the validity of the legislation, the result is the same as if the law, in terms, prohibited the company from seeking judicial construction of laws which deeply affect its rights."

In the *Cotting case* the court had before it a statute defining public stock yards, regulating the charges thereof and providing penalties for violations of the act. While the validity of the penalties provided for its violation was discussed in the opinion of the court, the decision did not turn upon that question. It could not be questioned that it would be confiscatory if the penalty clause of the act was to be construed as the court intimated it might be construed if necessary to a decision, and the only defense that was permitted against a charge of a violation of the act was the validity of the statute. Whether the charges fixed by it were reasonable or just was not permitted by the act to be inquired into. In the *Young case,* at page 146, the court quoted from what was said by Mr. Justice Brewer in the *Cotting case,* as follows: "Do the laws secure to an individual an equal protection when he is allowed to come into

court and make his claim or defense subject to the condition that upon a failure to make good that claim or defense the penalty for such failure either appropriates all his property or subjects him to extravagant and unreasonable loss?" Again, at page 102, he says: "It is doubtless true that the State may impose penalties such as will tend to compel obedience to its mandates by all individuals or corporations, and if extreme and cumulative penalties are imposed only after there has been a final determination of the validity of the statute the question would be very different from that here presented. But when the legislature, in an effort to prevent any inquiry of the validity of a particular statute, so burdens any challenge thereof in the courts that the party affected is necessarily constrained to submit rather than take the chances of the penalties imposed, then it becomes a serious question whether the party is not deprived of the equal protection of the laws."

Under our statute the penalty provided is against the corporation, and not its officers, agents or representatives. In defending against these penalties upon a charge of unjust discrimination a corporation is not restricted to a challenge of the validity of the act, but may, as we have before observed, show that the discrimination was reasonable and just. The case of *Burlington, Cedar Rapids and Northern Railway Co.* v. *Dey,* 12 L. R. A. 436, decided by the Supreme Court of Iowa, involved, among other things, the validity of an act passed by the legislature of the State of Iowa authorizing the establishment by the railroad commissioners of that State of joint freight rates for connecting carriers. The penalty provided for its violation was not less than $1000 nor more than $5000 for the first offense and not less than $5000 nor more than $10,000 for every subsequent offense, to be recovered in a civil action in the name of the State. The statute did not make the rate conclusive but made it *prima facie* evidence of its reasonableness, and the corporation had the right to show in defense

246—31

that the rate was not reasonable. The court said: "It is urged that the fines imposed by the statute for its violation are excessive and forbidden by the constitution. (Art. 1, sec. 17.) The fines are intended to enforce obedience to the law by corporations having great incomes and controlling vast properties. The legislature, in the exercise of its wisdom, fixed penalties which, if imposed upon individuals, might appear excessive, but when imposed upon the corporations would be esteemed no greater than is necessary to enforce obedience to the statute. The railroad companies have a ready and efficient way of avoiding these severe penalties, viz., by obeying truly the laws of the State. If they do this they are in no danger of the penalties; if they do not, they are in no condition to complain of the laws." In *Chicago, Rock Island and Pacific Railway Co.* v. *People,* 217 Ill. 164, this court had under consideration the validity of the penalty provided against railroads and other corporations for failure to make the statement required by the Revenue act to be made by them to the county clerks and the Auditor of Public Accounts. The statute provided that in case of failure to make such statement the corporation should forfeit as a penalty not less than $1000 nor more than $10,000 for each offense, to be recovered in any proper form of action in the name of the People. It was held the penalty clause of the statute did not infringe the constitutional provision prohibiting penalties not proportioned to the offense.

We are of opinion the penalty provided for the act charged in the declaration is not invalid. The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*