HENRY *et al.* v. BARTLESVILLE GAS & OIL COMPANY.

No. 3480.     Opinion Filed September 11, 1912.

(126 Pac. 725.)

**MUNICIPAL CORPORATIONS** — Natural Gas Corporations— **Grant of Franchises.** The assignee of the owner of a franchise from a municipality granting to him, his successors or assigns, the right to lay pipes in the streets and supply the inhabitants thereof with gas, brought an action to enjoin H. and his assigns from laying pipes therein for a like purpose, who for answer sought to justify under a like alleged franchise granted by the municipality to them. **Held,** that the court did not err in holding said franchise, because granted to an individual, void and beyond the power of the city to make, and in restraining as trespasses said acts committed pursuant thereto.

(Syllabus by the Court.)

Williams, J., dissenting.

*Error from District Court, Washington County;*
*R. H. Hudson, Judge.*

Action by the Bartlesville Gas & Oil Company against Robert L. Henry and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Veasey & Rowland,* for plaintiffs in error.

*John H. Brennan* and *Shea & O' Meara,* for defendant in error.

TURNER, C. J. From a judgment of the district court of Washington county, rendered and entered September 25, 1911, pursuant to the prayer of the petition of the Bartlesville Gas & Oil Co., defendant in error, perpetually enjoining Robert L. Henry and the Henry Gas Company, his assignee of a franchise from the city, alleged to be void, from interfering with the streets, alleys, and highways of the city of Bartlesville, "and from digging therein trenches or ditches for the purpose of laying pipes therein or conveying natural gas through said pipes to serve the citizens of the city of Bartlesville with what is known as domestic service in natural gas, and that the said defendants and each of them be restrained and enjoined from interfering in any way with the plaintiff herein in the enjoyment of its exclusive franchise," and declaring the franchise under which they sought to justify the act complained of to be void, and overruling the petition of the city of Bartlesville to intervene, Robert L. Henry, the Henry Gas Company, and the city of Bartlesville bring the case here.

The record discloses: That on November 20, 1899, the city of Bartlesville granted to William Johnstone and assigns, by Ordinance No. 41, "the right to the exclusive use of the streets, roads, alleys and public grounds of the city of Bartlesville, I. T., for the purpose of delivering natural gas to the inhabitants of said town for a period of twenty years or so long as natural gas is furnished said city in accordance with the franchise," and later, on November 4, 1903, when the same had come into the hands of the Bartlesville Gas & Oil Company, his assignee, the city passed another ordinance entitled "An ordinance amending Ordinance

No. 41 and granting to the Bartlesville Gas & Oil Company, its successors and assigns, the privilege of laying pipes and supplying the inhabitants of the incorporated town of Bartlesville with gas for fuel and illuminating purposes for a period of twenty years." This was known as Ordinance No. 49. That on April 25, 1911, the board of commissioners of said city passed another ordinance (No. 418), which was submitted to the qualified electors of the city, and was approved by them at a special election held for that purpose on that day. That said ordinance, as thus ratified and approved, purported to grant to Robert L. Henry, of Chicago, Ill., and his assigns, a like franchise, which, prior to this suit, had been assigned by him to the Henry Gas & Oil Company, both of whom were perpetually enjoined, as stated, while digging up the streets and the alleys of the said city for the purpose of laying pipes to furnish gas to the inhabitants thereof under said franchise. The court did not err in so doing, because said franchise was void. This for the reason that no power existed in the city to grant such franchise to an individual, such as was Robert L. Henry.

What is said by Mr. Joyce in his work on Franchises (section 82), as to manufacture and distribution of artificial gas, is equally applicable to natural gas. There he says:

"The manufacture of gas, and its distribution for public and private use by means of pipes laid, under legislative authority, in the streets and ways of a city, is not an ordinary business in which every one may engage, but is a franchise belonging to the government, to be granted, for the accomplishment of public objects, to whomsoever, and upon what terms, it pleases. It is a business of public nature, and meets a public necessity for which the state may make provision."

The legislative power of the state has never granted or delegated to the municipalities of the state the power to grant to an individual the franchise of furnishing natural gas to such municipality, or clothed him with the power of exercising the right of eminent domain to enable him so to do. This business of a public nature has been provided for by the state and by it intrusted to domestic corporations only.

Snyder's Comp. Laws 1909, sec. 4844, in effect, provides that before any gas pipe line corporation shall acquire any right of way, or exercise the right of eminent domain within the state, or construct any pipe lines for the transportation of gas, it shall file in the office of the Corporation Commission a plat showing the points in the state between which its trunk line is proposed to be constructed, etc.

Section 4845 provides that all domestic gas pipe line corporations in this state are authorized to build and operate, and for that purpose to acquire, whether by purchase or the exercise of eminent domain, sites for the erection of pumping stations, etc.

Section 4846 provides:

"Every domestic gas pipe line corporation in this state is hereby given authority to build, construct and maintain gas pipe lines over, under, across or through all highways, bridges, streets or alleys in this state, or any public place therein under the supervision of the inspector of oil and gas wells and pipe lines as to where and how in said highways, bridges, streets, alleys and public places said pipe lines shall be laid, subject to the control of the local municipalities as to how the business of distribution in that municipality shall be conducted, and subject to responsibility as otherwise provided by law"

—clearly implying that the local municipalities of the state may grant a franchise, such as the Henry franchise purports to be, to a domestic gas pipe line corporation only. The power to grant such franchise to such corporation excludes the power to grant the same to an individual—in keeping with the maxim *expressio unis,* etc., and the rule that a municipal corporation possesses and can exercise only powers granted by express words, or those necessarily implied in or incident thereto, and that any ambiguity or doubt as to the existence of a power is to be resolved against the corporation, and the power denied. Dill. Mun. Corp. sec. 89. These sections of the statute, we think, are the only ones involved in determining whether such grant of power exists, since those relying upon such grant have failed to call our attention to any other. This being true, the alleged franchise to Henry and his assignees was void; and the acts complained of

and sought to be justified thereunder were trespasses and properly enjoined.

In *State of New York v. Mayor and Aldermen, etc.,* 3 Duer (N. Y.) 119, the common council of New York passed a resolution granting to one Sharp and others the right, on certain terms, to construct a railroad in Broadway and run cars upon it for carrying passengers. It was vetoed by the mayor, and thereafter the court enjoined him and the aldermen and commonalty of the city from making a grant by passing a resolution. It was passed, however, notwithstanding the mayor's veto and the injunction; and those to whom the grant was made accepted the same in writing in the form prescribed by the resolution, and the grantees were then made parties defendant. From the judgment enjoining them, defendants appealed. In affirming the judgment, the Superior Court held that the grant of the powers, privileges, and immunities conferred by the resolution was the grant of a franchise, and, the municipal corporation being incompetent to make the grant, the making of it was a usurpation of power, and the grant was void, and the grantees, who insisted upon the right to exercise the powers and privileges thus granted, were properly perpetually enjoined.

In *State ex rel. Smythe v. Milwaukee, etc., Telephone Co.,* 133 Wis. 588, 114 N. W. 108, 315, the city of Milwaukee attempted to grant by ordinance a franchise to a telephone company. A suit in *quo warranto* was brought under the statute by a taxpayer of the municipality against the company for usurping a franchise. In passing upon a demurrer to the petition, the court said:

"The attempt to grant, confer and delegate rights and privileges constituting franchises and public functions of the state, whereby rates for services are established, a revenue is to be paid to the city, and other public powers are to be exercised over the subjects above specified, is an act beyond the authority of the city. They pertain to a class of powers which are public in their nature, and which do not belong of common right to persons generally. Such powers can only be exercised under authority from the state"

—and held the franchise void as beyond the power of the city to grant.

In *Allen v. Clausen,* 114 Wis. 244, 90 N. W. 181, the common council of the city of Kenosha passed an ordinance granting to Haynes and Clausen, residents of Chicago, Ill., their associates, etc., the right to construct and operate a passenger street railway over certain streets in said city, including the street opposite the plaintiff's premises. The franchise was accepted; and, while attempting, pursuant thereto, to lay a track along the street in front of plaintiff's property, defendants were enjoined as for a trespass, upon the ground that the franchise was void and beyond the power of the city to grant. Following *Linden Land Co. v. Milwaukee, etc., Co.,* 107 Wis. 493, 83 N. W. 851, the court held, "that an abutting lot owner may enjoin the laying of a railway track which is about to be laid, without authority of law, in the street in front of his premises cannot be doubted for a moment," and affirmed the judgment of the lower court holding the franchise void and perpetually enjoining the trespass. Answering objections, in effect, that as defendant claimed a right to do the act complained of under a franchise from the state a court of equity could not inquire as to the validity of that franchise at the suit of a private individual, the court, *inter alia,* said:

"It has, however, never been held that, where one attempts to justify acts by a pretended license or franchise which the grantor had no power whatever to confer, a court, whether of law or equity, cannot discover that fact and deny the claim of justification. It matters not whether such defect of power rests upon the state itself, or upon any of its subordinate agencies attempting its exercise. The readiness of courts so to do has been evinced in many cases in this state and elsewhere. *Sellers v. Lumbering Co.,* 39 Wis. 525; *Sherman v. Railway Co.,* 40 Wis. 645; *Chicago & N. W. Ry. Co. v. Milwaukee, R. & K. E. Ry. Co.,* 95 Wis. 561, 70 N. W. 678, 37 L. R. A. 856, 60 Am. St. Rep. 136; *Zehren v. Light Co.,* 99 Wis. 83, 74 N. W. 538, 41 L. R. A. 575, 67 Am. St. Rep. 844; *Railroad Co. v. Hood,* 36 C. C. A. 423, 94 Fed. 618; *General Electric R. Co. v. Chicago, I. & L. Ry. Co.,* 39 C. C. A. 345, 98 Fed. 907, 911 [58 L. R. A. 231]; *New Orleans Gaslight Co. v. Louisiana Light & Heat Producing & Mfg. Co.,* 115 U. S. 650, 6 Sup. Ct. 252, 29 L. Ed. 516; *Louisville & N. R. Co. v. Mobile, J. & K. Co.,* 124 Ala. 162, 26 South. 895; *Zanesville v. Gaslight Co.,* 47 Ohio St. 1, 23 N. E. 55."

The doctrine in *Allen v. Clausen, supra,* was followed by this court in *Tulsa Street Railway Co. v. Okla. Union Traction Co.,* 27 Okla. 339, 113 Pac. 180. There, in the syllabus, we said:

"The owner of a street railway, being operated upon the streets of a city under a franchise which was not exclusive, brought an action to enjoin another company from constructing and operating, without a franchise or authority from the municipality, a street railway upon the streets of said city. The defendant company answered that it was acting under legislative authority granted by ordinance of the city council. *Held,* that the court had power to investigate the facts and determine whether defendant had a franchise, and, if it had an alleged franchise, might determine whether such franchise was invalid, because granted without authority of law."

We are therefore of opinion that the Henry franchise was void for the reason stated, and for that reason the court did not err in restraining the trespass complained of and making the injunction perpetual.

Since no brief is filed by the city in support of the proposition, we will not consider whether the court erred in refusing to permit the city of Bartlesville to intervene. And, not being raised by defendant below by demurrer to the petition on the ground of defect of parties, we cannot consider their objection here at the instance of the plaintiff in error. It is unnecessary to decide other questions sought to be raised.

The judgment of the trial court is affirmed.

HAYES, KANE, and DUNN, JJ., concur; WILLIAMS, J., dissenting.