## WHITEHEAD v. MACKEY, County Treas.

No. 8048—Opinion Filed Jan. 9, 1917.

(163 Pac. 124.)

### 1. Municipal Corporations—Paving Assessments—"Interest"—"Penalty."

Under article 12 of chapter 10, Rev. Laws 1910, 18 per cent. per annum is properly collectable upon all paving assessments not paid when due; such amounts constituting, not "interest," but a "penalty" imposed for nonpayment.

### 2. Same—Penalty—Usury.

Such a penalty is not within the constitutional and statutory provisions relating to usury.

### 3. Same—Notice—Necessity.

The collection of such penalty is not dependent upon the county treasurer having

given the notice required by Sess. Laws 1910, ch 73, as amended by section 1, ch. 120, Sess. Laws 1910-11, as to amount of taxes due and when the same shall become due and delinquent; such notice by the treasurer being required only as to ad valorem taxes, and other taxes and assessments collected in like manner, and not to paving assessments created under article 12, ch. 10, Rev. Laws 1910.

**4. Appeal and Error—Taxation—Paving Assessments—Injunction—Tender'.**

Plaintiff sought an injunction against the issuance of a tax deed to his property, and a mandamus to compel the county treasurer to issue him a receipt in full for taxes and special assessments upon payment of the principal of such taxes and assessments without penalty. Held, that the action is of such a nature that equitable principles may properly be applied; that, plaintiff having failed and refused to tender that portion of the tax and penalty which the court might find to be just and legal, and it being determined that certain penalties were justly and legally due, he was not entitled to the aid of the court. Held, further, that the trial court having given relief upon conditions more favorable than those to which plaintiff was entitled, there being no cross-appeal, this court will not under the circumstances give further aid to the plaintiff, even though the conditions imposed by the trial court might not have been held to be proper had plaintiff been entitled to relief by this court.

(Syllabus · by Burford, C.)

Error from District Court, Hughes County; Geo. C. Crump, Judge.

Action for injunction by J. E. Whitehead against B. W. Mackey, county treasurer, etc. Judgment that plaintiff pay into clerk of court certain taxes, with interest, by certain date; whereupon peremptory mandamus was ordered to issue to treasurer to issue receipts in full and redemption certificates, and, in event sums were not paid, temporary injunction dissolved, and plaintiff appeals. Affirmed.

J. E. Whitehead, pro se.

Tom H. Fancher, Co. Atty., C. B. Mitchell, and H. A. Kroeger, for defendant in error.

Opinion by BURFORD, C. In December, 1914, plaintiff, Whitehead, filed in the district court of Hughes county a petition alleging that he was the owner of certain real property in the city of Holdenville upon which had accrued general ad valorem taxes and special assessments for paving for the years 1911, 1912, and 1913, and special assessments for sewers for the years 1911 and 1912; that he had offered to pay the principle of said taxes and assessments and costs, but without interest or penalty thereon, and the county treasurer had refused to accept the same; that no notice had ever been given

by the treasurer as to the amount of said taxes and when the same would become due and delinquent; and that therefore the treasurer had no right or authority to charge or collect a penalty for nonpayment, but was demanding such penalty, and in default of payment thereof was about to issue a tax deed against such property. Prayer was for an injunction restraining the issuance of such tax deed and for a mandamus to compel the treasurer to accept the principal of the taxes and assessments without interest or penalty, and to issue a tax receipt in full. Upon this petition the county judge, in the absence of the district judge, issued a temporary restraining order in accordance with the prayer of the petition. No process seems to have been issued on the petition, and no alternative writ of mandamus was ever issued. Defendants appeared, however, and answered, denying generally the allegations of the petition, but admitting specially plaintiff's ownership of the property, the amount of the taxes, and the failure of the treasurer to give the statutory notice. Defendant further pleads that as to the paving assessment notice had been duly given by the city clerk of Holdenville in each particular year, and that the Deming Investment Company was the owner of tax certificates covering certain of the taxes set out in plaintiff's petition. Plaintiff replied by general denial of new matter, and upon these pleadings the cause went to trial. The district judge, after hearing the cause, rendered judgment that plaintiff pay into the clerk of the court the principal of the ad valorem taxes, plus 6 per cent. interest from date of delinquency, the principal of the paving assessment, with 18 per cent. interest from delinquency, and the principal of the sewer assessments, with 6 per cent. interest from delinquency, said payments to be made prior to January 29, 1916. The temporary restraining order was continued in force until said date. In the event said payments were made a peremptory mandamus was ordered to issue to the treasurer commanding him to issue receipts in full for said taxes and assessments and redemption certificates for the property. In the event said sums were not paid to the clerk, the temporary injunction or restraining order was to be considered dissolved. From this judgment plaintiff appeals.

As to the paving assessments there is nothing in the petition to indicate when the paving proceedings were commenced, and consequently we are unable to definitely determine by which one of the various acts relating to municipal paving the particular assessments in question are governed. In-

asmuch as the burden is upon the plaintiff to show error, and the correctness of the judgment of the trial court is presumed until error is shown, we will assume that the proceedings resulting in the assessments here involved were under the statutes now embraced in Rev. Laws 1910. Under those acts it has been conclusively established in this court that the Legislature had the power to fix a penalty of 18 per cent. per annum for nonpayment of the assessment when due, and that by the terms of said act such 18 per cent. is a penalty, and not interest. Shultz v. Ritterbusch, 38 Okla. 479, 134 Pac. 961. Not being interest, the Constitution and the statutes upon the subject of usury do not apply. Nor is the accrual of the penalty for nonpayment of paving assessments under such laws dependent upon the giving of the notice by the treasurer of the amount of taxes and date of delinquency as provided in Sess. Laws 1910, ch. 73, as amended by section 1, ch. 120 Sess. Laws 1910-11, construed in Trimmer v. Rennie, 43 Okla. 152, 141 Pac. 784, and City National Bank v. Gayle, 55 Okla. 301, 155 Pac. 552. This for the reason that the levying and payment of paving assessments are governed by a separate, complete, and distinct act, an examination of which reveals that section 1 of chapter 120, Sess. Laws 1910-11, cannot in the nature of things be made applicable thereto. Thus it is provided (section 642, Rev. Laws 1910) that the paving assessments as they come due shall be payable to the city clerk, and shall be by him paid over to the city treasurer. It is made the duty of the city clerk (section 643) not less than 30 nor more than 40 days before the maturity of any installment of paving assessments, to give notice when such installment will become due, and that the same, unless promptly paid, will bear interest from that date at 18 per cent. per annum. It is further provided that:

It shall be the duty of the city clerk "promptly after the date of maturity of any such installment and interest, and on or before the 15th day of September in each year, to certify said installment and interest then due to the county treasurer of the county in which the city is located, which installment * * * shall be by said county treasurer placed upon the next delinquent tax list prepared by the treasurer of said county and collected as other delinquent taxes are collected. * * *"

It is not probable that the Legislature intended that two notices of the date of delinquency of these assessments should be given. Furthermore, at the time the county treasurer is to give notice of the amount of taxes due these assessments for the current year are already delinquent and have been certified to him as such. So, too, the county treasurer has no means of knowing the amount of the assessment at any time before it is delinquent, nor in fact is he in charge of the records which would show when the assessment became due. Yet both the amount of taxes and the due date are to be included in the notice which the treasurer is to give. Again, the treasurer is not charged with collection of these taxes until after they are delinquent; his only duty is to place them upon the "delinquent tax list," and collect them "as other delinquent taxes are collected." The whole tenor of the two acts leads one irresistibly to the conclusion that the notice to be given by the city clerk is the only one provided in relation to payment of paving assessments, and that the notice to be given by the county treasurer relates only to ad valorem taxes and other taxes or assessments collected in like manner. There being no question here that the city clerk of Holdenville gave the proper notices, plaintiff should justly and legally pay the 18 per cent. penalty upon the sewer assessments.

So much being concluded, its seems that the plaintiff, instead of being entitled to further relief than that granted by the trial court, was not entitled to any relief at all. The state of the pleadings is, indeed, peculiar. Plaintiff asked in the same pleading for an injunction and mandamus. Our statute contemplates in mandamus, which is a sort of a special action, either a sworn application and a peremptory writ, or, if the peremptory writ be not granted, that an alternative writ shall issue, and that the pleadings shall consist only of writ and answer. Rev. Laws 1910, sec. 4907—15. In this cause we have no writ, not even by the judgment, and do find a petition, answer, and reply. The writ of mandamus is to be issued only to enforce a plain, legal right (Stearns et al. v. State, 23 Okla. 462, 100 Pac. 909; Sterns v. Sims, 24 Okla. 623, 104 Pac. 44, 24 L. R. A. [N. S.] 475; Guthrie v. Stewart, 45 Okla. 603, 146 Pac. 585, and cases cited); yet here the trial court ordered a sort of conditional mandamus based upon the payment of certain sums which the plaintiff had never offered to pay, and does not even now offer to pay. Such payment was directed to be to the clerk of the court; yet, when made, without any provision for paying such funds into the hands of the treasurer, the latter was to be compelled to issue a tax receipt in full. Though the action in mandamus is in its nature a civil action (Homesteaders v. Mc-Combs, 24 Okla. 201, 103 Pac. 691, 38 L. R. A. [N. S.] 1000, 20 Ann. Cas. 181), and has lost

mach or its former high prerogative character (In re Epley, 10 Okla. 631, 64 Pac. 18), yet it is not a writ of right (State ex rel. v. McCafferty, 25 Okla. 2, 105 Pac. 992, L. R. A. 1915A, 639), but is discretionary (Excise Board v. Directors, 31 Okla. 553, 122 Pac. 520, Ann. Cas. 1913E, 369), and may even be refused where relator has a clear, legal right thereto. Some courts hold that its issuance is to be governed by equitable principles. State v. U. S. Express Co., 95 Minn. 442, 104 N. W. 556; Free Press Ass'n v. Nichols, 45 Vt. 7. Injunction is, of course, entirely equitable in its nature. There being no appeal by the county treasurer, we are not at liberty to revise the action of the trial court, in so far as it was against the treasurer and beneficial to plaintiff, but when plaintiff seeks further relief, we are at liberty to decide that if the trial court erred it was in plaintiff's favor, and to therefore refuse further aid. Upon the state of the pleadings and issues here referred to above we feel justified in regarding the cause as of such a nature that equitable principles are properly applicable. Such being the case, the result cannot be in doubt. As early as Collins & Walker v. Green, 10 Okla. 244, 62 Pac. 813, it was said:

"Under the rule that he who seeks equity must do equity, a court will not enjoin a portion of a tax, even though such portion is illegal, unless the petitioner tenders or offers in his petition to pay that portion of the tax which the court may find to be just and legal."

This is the settled doctrine of this court. Thurston v. Caldwell, 40 Okla. 206, 137 Pac. 683. Plaintiff has never offered to pay anything more than the principal of the taxes and assessments; in fact, the record shows he refused to tender any penalty whatever.

The trial court found that certain interest —or, more properly speaking, penalty—was just and due. At least in so far as the paving assessments are concerned, that determination is correct. Plaintiff, having failed to offer to do equity, was entitled to no relief whatever. Indeed, it could be further said that he had no "plain, legal right" to a tax receipt in full until he had offered the paving tax penalty. Being, therefore, entitled to no relief under his pleadings the trial court in granting him anything erred in his favor, and he should not be heard to complain thereof or seek still more favorable terms here.

The judgment should be affirmed.

By the Court: It is so ordered.