**STATE ex rel. GAULT et al. v. BAKER, County Treasurer.**
**STATE ex rel. GAULT v. SAME.**

No. 8017—Opinion Filed May 14, 1918.

(172 Pac. 1088.)

Syllabus.)

**1. Taxation—Delinquency—Notice — Penalties—Statute.**

If notice was not given by mail, postage prepaid, by the county treasurer to a taxpayer, whose name appeared on his record of the amount of his taxes, and when the same became due and delinquent, as required by chapter 120, Session Laws 1910-11, p. 263, the penalty prescribed by that act for delinquency did not attach upon the failure of the taxpayer to pay his taxes within the time provided therein.

**2. Same—Amended or Superseded Statute— Enactment after Extraordinary Session— Code.**

Chapter 120, Session Laws 1910-11, p. 263, having been enacted subsequent to the adjournment of the extraordinary session of the Legislature convened in January, 1910, was not repealed or superseded by any pro-

vision of the Revised Laws 1910, known as the Harris-Day Code.

**3. Same—Delinquent Taxes—Notice—Statute.**

The proviso of chapter 120, Session Laws 1910-11, p. 263, requiring the county treasurer to give notice to the taxpayer of the amount of his taxes, etc., qualifies only the matter preceding relating to the penalty on delinquent taxes. Unpaid taxes become delinquent at the time prescribed by the act, although the notice required by the proviso was not given.

**4. Same—Sale—Validity—Penalty.**

Where the parties agree that real property has been sold for the tax of a given year and tax sale certificate issued by the county treasurer, it will be assumed that the sale was valid and the certificate regular, and that the sale was for the amount lawfully due, and no more. And where by reason of the failure to give notice no penalty for delinquency attached, it will not be presumed that such penalty was included in the amount recited in the sale certificate.

**5. Same—Tax Sale—Redemption—Statute.**

To redeem real property from a valid tax sale, the owner must pay the treasurer interest at the rate of 18 per cent. per annum from date of purchase on the sum mentioned in the sale certificate.

**6. Refusal of Mandamus—Certificate of Redemption.**

Where the amount tendered and which the owner offers to pay to redeem land from a tax sale is insufficient, mandamus will not lie to compel the treasurer to issue a certificate of redemption.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Mandamus by the State of Oklahoma, on the relation of W. D. Gault and another, against George Baker, County Treasurer of Oklahoma County, State of Oklahoma, consolidated with mandamus by the State of Oklahoma, on the relation of Sarah E. Gault, against the same defendant. From a judgment refusing to make the alternative writ peremptory, relators bring error. Affirmed.

Warren K. Snyder, for plaintiffs in error.

Chas. B. Selby, Co. Atty., and H. M. Gray, Asst. Co. Atty., for defendant in error.

MILEY, J. Upon motion and affidavit of plaintiffs in error, as plaintiffs below, an alternative writ of mandamus was issued to defendant in error as county treasurer of Oklahoma county to accept of plaintiffs a certain sum of money tendered by them, and issue receipt in full for taxes for year 1912 and certificate of redemption from tax sale

of certain real property of plaintiffs, or show cause for his refusal so to do. Upon return of the writ the parties stipulated as to the facts, upon consideration of which the trial court held that the amount tendered by plaintiffs was insufficient to entitle them to redeem, and refused to make the writ peremptory.

It appears from the stipulated facts that for the year 1912 taxes were levied on an ad valorem basis on certain real property of the plaintiffs. Although the name of the plaintiffs as the taxpayers appeared upon his record, the county treasurer did not give them notice of the amount of the taxes, and when same would become due and delinquent. The taxes were not paid, and on the first Monday in November, 1913, the county treasurer sold the property for the taxes of said year to certain individuals, and tax sale certificates were issued by the treasurer to the purchasers. On October 30, 1915, the plaintiffs tendered to the county treasurer the amount of the taxes, together with interest thereon from February 3, 1915, to the 1st day of June, 1915, at the rate of 6 per cent. per annum, and interest from June 1, 1915, to the date of the tender, at the rate of 18 per cent. per annum, and in addition thereto the fees prescribed by statute, and demanded of the said treasurer a receipt therefor and certificate of redemption.

The only question briefed and argued by either party is whether the plaintiffs were liable to interest, as a penalty, at the rate of 18 per cent. per annum on the amount of the taxes from the date of the delinquency to February 3, 1915, as provided by chapter 120, Session Laws 1910-11, p. 263. That act provided:

"One-half of all taxes levied upon an ad valorem basis, for the fiscal year ending June 30, 1912, and for each fiscal year thereafter, shall become due on the first day of November; and unless said one-half of the taxes so levied shall be paid on or before the first day of January, the entire tax levied for such fiscal year shall become delinquent on said date. If the first half of the taxes levied upon an ad valorem basis for such fiscal year, shall have been paid on or before the first day of December, the second half shall become delinquent on the fifteenth day of June thereafter. All delinquent taxes shall, as a penalty, bear interest at the rate of eighteen per centum per annum: Provided, that the county treasurer shall stamp the date of receipt on each letter containing funds in payment of taxes; and no penalty shall attach after the receipt of the full amount due, at said date, by reason of the inability of the county treasurer to enter the same of record on the date received; and,

provided further, that it shall be the duty of the county treasurer, on or before November first, to notify by mail, postage prepaid, each taxpayer whose name appears on his record, of the amount of his taxes and when the same will become due and delinquent."

In Trimmer v. State ex rel. Rennie, 43 Okla. 152, 141 Pac. 784, this court held that if the notice was not given, then the penalty prescribed for delinquency did not attach upon failure to pay within the time prescribed by the act. Counsel for defendant in error contend that section 7389, Rev. Laws 1910 (Harris-Day Code), and not the act of 1911, controls, and seek to distinguish this case from Trimmer v. State ex rel. Rennie on that ground. But this cannot be done.

As in the case cited, the taxes here under consideration became due, and it was the duty of the treasurer to give notice prior to the date the Harris-Day Code took effect. We may say, however, that the intimation in the decision of Trimmer v. State ex rel. Rennie, that the act of 1911 was amended or superseded when the Code went into effect, was an inadvertence. It is expressly provided in section 2 of chapter 39, Session Laws 1910-11, p. 70, adopting the Code, that no act of the Legislature enacted subsequent to the adjournment of the extraordinary session of the Legislature, which convened in January, 1910, was repealed thereby. Chapter 120, Session Laws 1910-11, supra, was enacted at a subsequent session, and remained in force until amended by chapter 31, Session Laws 1915, p. 44. Delinquent taxes for the fiscal years ending in June 30, 1912, to June 30, 1915, inclusive, were not liable to penalty for delinquency, unless the notice prescribed by the act of 1911 was given, until February 3, 1915, upon the approval of chapter 8, Session Laws 1915, p. 7, which act provided that such taxes should bear interest from that date until June 1, 1915, at the rate of 6 per cent. per annum, and thereafter at the rate of 18 per cent. per annum, until paid. The remaining contention of counsel for defendant in error is also untenable. It sufficiently appears from the record that the taxes were those "levied upon an ad valorem basis," and not a paving assessment or other special assessment, such as the court had under consideration in Whitehead v. Mackey, 62 Okla. 188, 163 Pac. 124, and hence that decision has no application.

If the trial court had held the plaintiffs were liable to the penalty prescribed by the act of 1911 from the date of the delinquency, the finding would have been erroneous, and

it would be necessary to reverse the judgment, if the amount tendered proved to be otherwise sufficient. But it appears on examination of the judgment that the court held that the penalty prescribed by that act did not attach by reason of the failure of the treasurer to give the requisite notice. However, the trial court was of the opinion that the property having been sold for the delinquent taxes on the first Monday in November, 1913, and certificate issued to the purchaser, the owners were not entitled to redeem, unless they paid interest on the amount of the taxes at the rate of 18 per cent. per annum from the date of purchase, and that the sum offered·being less than the amount required to pay such interest, in addition to the other amounts due, the tender for that reason was insufficient.

The parties have not briefed or argued that question. It was not involved or decided in Trimmer v. State ex rel. Rennie. That case only decided that the second proviso with reference to giving notice conditionally defeated the antecedent clause, to wit:

"All delinquent taxes shall, as a penalty, bear interest at the rate of eighteen per centum per annum."

It is clear to us that the two provisos operated on that clause, which immediately preceded it only, and should be confined thereto, and were not intended to apply to the part of the statute fixing the time when the taxes became due and when delinquent. Searcy v. State ex rel. Carl, 64 Okla. 257, 167 Pac. 476. It follows that although the notice required by the second proviso was not given, one-half the taxes became due November 1st., and not having been paid on or before the 1st day of January, the entire tax levied became due and delinquent on said date. The taxes were a lien upon the real property. Section 1a, c. 38, Session Laws 1909, p. 603; section 7391, Rev. Laws 1910. Being delinquent, it was the duty of the treasurer to advertise and sell such property for the delinquent taxes and costs. Sections 7396, 7397, 7398, Rev. Laws 1910. By section 7403, Rev. Laws 1910, it is provided that the purchaser is entitled to a certificate describing the land purchased, and the sum paid, and the time when he will be entitled to a deed. Section 7413, Rev. Laws 1910, provides that the owner of any land sold for taxes may redeem the same at any time within two years after the day of such sale, or at any time before the execution of a deed of conveyance therefor by the county treasurer, by paying the treasurer for tne use of the purchaser, his heirs or assigns, the

sum mentioned in this certificate, and interest thereon at the rate of 18 per cent. per annum from the date of purchase. The sum for which the land was sold and the sum mentioned in the certificate are not stated in the stipulation. If a penalty of 18 per cent. per annum from the date of delinquency to date of sale was included in the amount, the sale and certificate would perhaps be void. 37 Cyc. 1290. The stipulation recites that the property was sold "for the tax of 1912, and tax sale certificate issued by the county treasurer." We cannot assume that any item not warranted by law was included. No attack is made on the regularity of the sale or the sufficiency of the certificate, and the presumption is that the same was regular and valid. For the purpose of this case, we assume that the amount for which the land was sold and the amount mentioned in the certificate is no more than was lawfully due, which was the amount of the tax without penalty.

According to the terms of the statute on redemption (section 7413), it was necessary for plaintiffs in error to pay the treasurer for the use of the purchaser the sum mentioned in the certificate, and interest thereon at the rate of 18 per cent. per annum from date of purchase, which was the first Monday in November, 1913. The plaintiffs in error only tendered and offered to pay interest at 6 per cent. per annum from February 3, 1915, to June 1, 1915, and from the latter date at the rate of 18 per cent. per annum, which is less than the amount required.

If there had been no valid sale of the land, the amount tendered would have been sufficient to pay the taxes and interest and penalties thereon as provided by chapter 8, Session Laws 1915, p. 9, extending the time for the payment of taxes, and it would have been the duty of the treasurer to accept the amount and issue plaintiffs in error a receipt in full. But inasmuch as we must assume from the record for the purpose of this case that the sale was regular, and the amount named in the certificate is the amount that was lawfully due at the time of the sale, and no more, it is not a question of the amount of taxes and interest and penalty thereon due the state and the several municipalities, but it is a question of the amount required to redeem from the sale which had been made previous to the passage of the act of 1915. That act has no bearing on this question. The amount required to redeem was prescribed by section 7413, Rev. Laws 1910. The amount tendered being less than that required, the trial court did not err in refusing the writ.

The judgment is affirmed.

·All the Justices concur.