## HOVENDEN v. CITY OF BRISTOW, OKL.
### No. 340.

District Court, N. D. Oklahoma.
Aug. 27, 1940.

Arnold T. Fleig, of Oklahoma City, Okl., for plaintiff.

Paul M. Cameron, of Bristow, Okl., for defendant.

FRANKLIN E. KENNAMER, District Judge.

Complainant, a non-resident of the State of Oklahoma, instituted this suit, as the owner of Special Improvement Bonds, numbered 30 to 37 inclusive, in the denominations of Five Hundred Dollars ($500) each, and alleged that the defendant, City of Bristow, Oklahoma, in accordance with Chapter 173 of the Session Laws of the State of Oklahoma of 1923, 11 Okl.St.Ann. § 81 et seq., created Street Improvement District No. 30, and issued bonds aggregating Thirty-Four Thousand Five Hundred Five and 79/100 Dollars ($34,505.79), consisting of sixty-nine (69) bonds. It is further alleged that the defendant, since the creation of the particular Street Improvement District, owned six (6) separate tracts of land, specifically described in the petition, as a park, which said tracts of land were located within the Street Improvement District. It is further alleged that there are delinquent installments upon the bonds, in the approximate total sum of Two Thousand Three Hundred Eighty Dollars ($2,380), as well as interest thereon at seven per cent. (7%), as provided in the bonds, totaling approximately Four Hundred Eighty Dollars ($480), and penalty, or, as it is designated in the Statute, interest, at the rate of twelve per cent. (12%) per annum, in the total approximate sum of One Thousand Five Hundred Fifty Dollars ($1,550). It is alleged that defendant has failed to pay the installments and has failed to make the necessary annual levies, as required by law, for the payment of the installments, and that the action is brought for the benefit of complainant and other bondholders in the District who are similarly situated and entitled to pay from the trust fund created by the levy of said assessment on the six (6) tracts of land within the Improvement District. A copy of one of the bonds is attached to the petition. It provides for interest at the rate of six per cent. (6%) per annum, and interest at the rate of ten per cent. (10%) per annum after maturity. The defendant has interposed its motion to dismiss the action, upon the following grounds: That the court lacks jurisdiction of the subject of the action, because the amount actually in controversy is less than Three Thousand Dollars ($3,000), exclusive of interest and costs; that there is a defect of parties plaintiff, in that the owner or owners of bounds numbered 39 to 69, inclusive, have not been made parties plaintiff or defendant; and, finally, that the complaint fails to state a claim against the defendant upon which relief can be granted.

Defendant contends that the twelve per cent. (12%) charge is an interest item, and is not a penalty, and may not be considered in arriving at the jurisdictional amount. If the twelve per cent. (12%) charge is in fact interest, it probably may not be con-

sidered in arriving at the amount, for jurisdictional purposes. On the other hand, if it is penalty or a charge which is distinct from the obligation of the bond, it may constitute a proper sum in determining the jurisdictional amount.

Defendant contends, with respect to the second ground relied upon for the dismissal of the action, that the holders of the other bonds should be joined as parties, and as a basis for objection upon the third ground for the motion to dismiss, that no personal judgment can be rendered against a municipality upon Special Improvement Bonds.

In considering the first reason urged for dismissal of the action, it becomes necessary to consider the nature of the twelve per cent. (12%) charge. The statute under which the twelve per cent. (12%) is imposed, refers to the same as interest, Sec. 25, Ch. 173, Oklahoma Session Laws 1923, 11 Okl.St.Ann. § 105, is set forth in the sub-joined note. The Oklahoma Supreme Court has passed upon questions involving penalty interest under similar circumstances.

In Shultz v. Ritterbusch, 38 Okl. 478, 134 P. 961, where an injunction was sought against the Treasurer from selling lots which had been levied on to pay special assessments, the Oklahoma Supreme Court considered the 1909 Legislative Act, which authorized the collection of seven per cent. (7%) per annum upon assessments prior to maturity, and eighteen per cent. (18%) per annum after maturity and until paid, and held that such a provision was not in violation of the Constitution which prohibits the general assembly to pass any local or special law fixing the rate of interest, upon the ground that the eighteen per cent. (18%) was not interest as such, but a penalty prescribed for failure to discharge a duty imposed by law. It was held that the Legislature, having the right to impose penalty for the non-payment of general taxes, by the same power had the right to impose eighteen per cent. (18%) as a penalty for non-payment of special assessments when due.

In Whitehead v. Mackey, 62 Okl. 188, 163 P. 124, it was contended that the eighteen per cent. (18%) penalty violated the constitutional provision against ten per cent. (10%) usury, and the court held that the eighteen per cent. (18%) was not interest, and for that reason the Constitution and Statutes upon the subjects of usury did not apply. The latter case involved the 1910 Act, providing eighteen per cent. (18%) per annum upon paving assessments not paid when due. Defendant's only comment on this case is that the twelve per cent. (12%) involved in the instant case is under the 1923 Act, and that the cited case involved earlier Legislative Acts.

The Supreme Court of Oklahoma, in construing the penalty on ad valorem taxes, held in the case of City of McAlester v. Jones, 181 Okl. 77, 72 P.2d 371, that ad valorem penalties could be waived without contravening the Constitutional provisions prohibiting the passage of any law releasing or extinguishing indebtedness due the State or municipal subdivision thereof, upon the ground that the penalty upon delinquent taxes is not a part of the tax, but the penalty is an additional charge or penalty for delinquency, that the penalty is not created by levy of the tax, and that the Legislature has a right to dispose of such funds as they may dispose of other funds of the State. This case is referred to as showing the manner in which the Supreme Court of Oklahoma has considered and treated penalties. The rule announced in the cited case is not applicable to waiving or cancelling penalties or charges upon Special Improvement Bonds, for the reason, as announced by the Oklahoma Supreme Court, that the cancelling and releasing of such penalties is violative of the Constitution of Oklahoma as impairing the obligation of a contract. Okl.St.Ann. Const. art. 2, § 15. See, Straughn v. Berry, 179 Okl. 364, 65 P.2d 1203.

No case has been drawn to my attention which involves the question presented herein. However, the case of Kansas City Southern R. Co. v. Ogden Levee Dist., 8 Cir., 15 F.2d 637, 644, decides a question similar to the one here presented. In the cited case, the Eighth Circuit Court of Appeals, when Oklahoma was a part thereof, sustained the right of a tax-payer to enjoin the collection of special assessment taxes, and penalties, when the amount of taxes involved totaled Two Thousand Four Hundred Forty-Three and 50/100 Dollars ($2,443.50) and the penalties were Six Hundred Ten and 87/100 Dollars ($610.87). It was contended that the amount involved was not sufficient to give jurisdiction to the Federal Court, but the contention was rejected, as the amount involved was slightly more than Three Thousand Dollars ($3,000), considering both the amount of the special assessment taxes and

the penalties accrued thereon, the court stating: "We see no reason why the penalties sought to be recovered are not to be construed as part of the amount involved". In the instant case, the purpose of the action is to enforce collection of taxes, and the penalties; in the cited case, the purpose of the action was to prevent the enforcement of the collection of special assessment taxes and penalties. The same measurement must be employed for determining the jurisdictional amount in each case. It is impossible to determine from the case, reported above, the exact nature of the penalty, but as the twelve per cent. (12%) involved herein constituted a penalty, rather than interest, the cited case is authority for denying the motion to dismiss.

To sustain the defendant's position on the jurisdictional ground, it must be determined that the twelve per cent. (12%) is merely an incident of the principal, and is a mere accessory thereof. Edwards v. Bates County, 163 U.S. 269, 16 S.Ct. 967, 41 L.Ed. 155; Moore v. Town Council of Edgefield, C.C., 32 F. 498; A. H. Marshall Co. v. Buick Motor Co., D.C., 251 F. 685.

When the interest obligation is distinct from and not a mere incident of the obligation, as in the instance of interest coupons, it is not excluded from the considering, if both are sued on. Edwards v. Bates County, supra; Tyler County, Tex., v. Town, 5 Cir., 23 F.2d 371.

In the instant case, the copy of a specimen bond attached to plaintiff's petition provides for the payment of the principal sum, together with interest, upon the dates therein fixed, "as evidenced by and upon the surrender of the annexed interest coupons as they severally become due, and after due, interest at the rate of ten (10%) per cent. per annum, until paid * * *." It thus appears, from the exhibit attached to the petition that interest coupons were attached to the bonds, and for the purpose of the motion inferences must be resolved against the movant. Interest coupons, being a separate cause of action, may be added to the claims on the bonds to bring up the jurisdictional amount. Edwards v. Bates County, supra. However, it is unnecessary to base the ruling made herein upon the existence of interest coupons, but mention is made thereof for the reason that the exhibit to plaintiff's bill of complaint indicates that interest coupons were annexed to the bonds sued on.

A holder of bonds may institute an action against a municipality and have determined the amount due by the municipality on account of paving improvements abutting municipally owned property in paving improvement Districts. No personal judgment can be rendered against a municipality thereon. See, City of Drumright v. Exchange National Co., 164 Okl. 158, 23 P.2d 213; Independent School District No. 39, Creek County, v. Exchange National Co., 164 Okl. 176, 23 P.2d 210, 95 A.L.R. 685. Neither can publicly owned property, used for public purposes, be subjected to forced sale to satisfy special assessment bonds. See, Blythe v. City of Tulsa, 172 Okl. 586, 46 P.2d 310. The remedy, as announced by the Tenth Circuit Court of Appeals, in Dwyer v. LeFlore County, 97 F.2d 823, is the determination of the amount of liability of the municipality, without rendering a personal judgment therefor. After the amount of liability has been fixed by decree or judgment, if the requisite levies are not made, then the court may entertain the question of ancillary mandamus in aid of its existing jurisdiction.

Defendant contends that plaintiff's bill does not allege that the tracts of land referred to therein are being used for public purposes, but it is alleged that since the creation of the Improvement District, the defendant owned, as a city park, the real estate therein described. For the purpose of the motion to dismiss, the allegation is sufficient to show that the land was owned by the city, as a city park, and the court will take judicial notice of the fact that lands, as city parks, are devoted to a public use.

Another ground relied upon for dismissal of the bill of complaint is that there is a defect in parties. It is insisted that the suit should have been instituted in the name of the City. This contention is unsound, as the instant action does not seek foreclosure of special improvement liens, as indeed complainant is not entitled to such relief. It is further asserted that the action cannot be maintained as a class action, because no allegations are contained therein to the effect that the persons are so numerous as to make it impractical to bring them all in before the court, as required by rule 23(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Specific provision is made by the Legislature of Oklahoma, to the effect that any holder of a street improvement bond, issued as

those in the instant suit, may prosecute an action to foreclose a delinquent assessment lien, without joining as parties other bondholders similarly situated. Chap. 173, Session Laws, 1923, § 29, section 6240, O.S. 1931, 11 Okl.St.Ann. § 107; and further provides that all funds recovered shall go into a fund for the benefit of all of the holders of such bonds. The instant action is not a foreclosure action, but it follows that any fund complainant herein compels the defendant to pay by reason of its ownership of land within the Improvement District, shall not be paid directly to complainant, but shall go into the fund for the payment of all bonds issued under the Improvement District. It is, therefore, unnecessary for complainant to join other bondholders.

█ It is further insisted by the defendant that the county Commissioners and the members of the Excise Board are necessary parties defendant, as the City of Bristòw is powerless to pay such bonds, unless assessments are made by the Excise Board. This contention must be rejected for the reason that the instant action can only determine the amount of liability of the City of Bristow, if any, and if such a determination is made, and the requisite levies are not made to satisfy the same, then complainant will be compelled to institute ancillary mandamus proceedings.

The motion of defendant to dismiss is overruled, exceptions are allowed, and defendant is ordered to file its answer herein within the time fixed by the rules of procedure.

Sub-Joined Note

"The first installment of said assessment, together with interest upon the whole assessment from the date of the passage of the assessing ordinance to the first of next September, shall be due and payable on or before the first day of September next succeeding the passage of the ordinance; provided, however, if such assessing ordinance is not passed prior to the first day of August in any year, the first installment of such assessment shall be due and payable with interest from the date of passage of such assessing ordinance to the first day of September of the following year. In case any installment or interest is not paid when due, the installment so matured and unpaid and the unpaid interest thereon shall draw interest at the rate of twelve per cent. (12%) per annum from maturity until paid, except as hereinafter otherwise provided.

All assessments and interest, whether collected by the city or town or the county treasurer, shall be paid to the city or town treasurer who shall keep the same in a separate special fund for the purpose of paying the bonds and interest coupons thereon, issued against such assessments, and after the payment of all bonds and interest thereon, any surplus remaining in said fund shall be used for the purpose of repairing and maintaining any improvement for which assessments have been levied, and for no other purpose whatsoever."