## WEINBERG et al. v. SINCLAIR REFINING CO.

Civil No. 2507.

District Court, E. D. New York.

June 9, 1942.

204

Joseph P. Walsh, of St. George, S. I., N. Y., for defendant, for the motion.

Henry Streisfeld, of Brooklyn, N. Y. (Jacob Aks, of Brooklyn, N. Y., of counsel), for plaintiff, opposed.

CAMPBELL, District Judge.

These are motions made on behalf of the defendant:

1. For an order directing judgment dismissing the complaint herein on the grounds (a) that the complaint fails to state a claim against the defendant upon which relief can be granted, and (b) that the complaint fails to state facts sufficient to establish that this Court has jurisdiction of the subject matter of this action.

2. In the alternative, in the event that the foregoing motion numbered "1" should be denied, for an order striking out as immaterial, irrelevant, redundant and impertinent or as mere conclusions unsupported by allegations of facts, and as prejudicial to the defendant certain enumerated portions of the complaint.

3. In the alternative, in the event that motion numbered "1" above should be denied, for an order directing the plaintiffs, within ten (10) days after the service on their attorney of an order entered upon this motion, to serve a more definite statement, or a bill of particulars of the plaintiffs' causes of action in certain enumerated matters, upon the ground that such matters are not averred with sufficient definiteness or particularity to enable the defendant to prepare properly its responsive pleading, or to prepare for trial.

4. In the alternative, in the event that motion numbered "1" and motion numbered "2" should be denied, in whole or in part, for an order directing the plaintiffs within ten (10) days after the service on their attorney of an order entered upon this motion, to serve a more definite statement, or a bill of particulars in certain enumerated matters, upon the ground that such matters are not averred with sufficient definiteness, or particularity to enable the defendant to prepare properly the responsive pleading, or to prepare for trial.

5. In the alternative, in the event that motion numbered "1" should be denied, for an order allowing the defendant twenty (20) days after the service of a more definite statement, or a bill of particulars within which to serve and file its answer to the complaint, or make such further motions directed to the complaint as the defendant may be advised; etc.

This is an action brought by three plaintiffs in which each of them, in separate causes of action, seek to recover treble damages under the provisions of the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C.A., Section 15, based upon the alleged discrimination in prices charged by defendant for gasoline, of like grade and quality sold to plaintiffs, and other purchasers similarly situated.

I will consider the motions in their order.

Motion 1, to dismiss the complaint.

In the complaint in this action the plaintiffs have alleged their respective claims in three separate causes of action, the allegations in all of them being substantially the same except as to names, addresses, places of delivery and time.

The complaint as to the several plaintiffs alleges diversity of citizenship, the individual plaintiffs being alleged to be citizens and residents of the Borough of Brooklyn in this district, and the corporate plaintiff being alleged to be a New York corporation, doing business in the Borough of Brooklyn in this district, and the defendant being alleged to be a Maine corporation having a place of business in the Borough of Brooklyn in this district.

The complaint further alleges the sale by the defendant while engaged in commerce and in the course of said commerce to the plaintiffs of certain quantities of gasoline for sale within the United States, and also the sale by the defendant to purchasers, other than plaintiffs, while engaged in commerce, and in the course of such commerce, and during the time it was selling to plaintiffs, gasoline of like grade and quantity as that sold to plaintiffs for resale within the United States, and in and while so doing discriminated in the price, and required the plaintiffs to pay the defendant one cent more per gallon for the said gasoline than said other purchasers were required to pay.

The complaint also alleges that the defendant by illegal subterfuge and device gave rebates, discounts, terms, allowances and other preferences to the said other purchasers over the plaintiffs thereby discriminating against the plaintiffs in the price charged them by defendant for gasoline of like grade and quality as that sold by the defendant to said other purchasers.

The complaint alleges damages to plaintiffs, and demands judgment therefor against the defendant.

The complaint thus sets forth a transaction in interstate commerce for the sale and delivery of a commodity, which sale is brought within the provisions of the said Clayton Act as amended by the Robinson-Patman Act.

Commerce is defined in the Clayton Act as amended. 15 U.S.C.A. § 12.

Commerce, as defined in that Act, means interstate commerce. Lipson v. Socony-Vacuum Corporation, 1 Cir., 76 F.2d 213.

A violation of a prohibition contained in that Act is essential to the cause of action therein created. Virtue v. Creamery Package Mfg. Co., 227 U.S. 8, 33 S.Ct. 202, 57 L.Ed. 393.

This action is brought to recover damages alleged to have been caused to the plaintiffs by the discrimination against it in price by the defendant, under the provisions of 15 U.S.C.A. § 15.

Discrimination in price by any person engaged in interstate commerce is a violation of Section 2(a) of the Clayton Act as amended by the Robinson-Patman Act, 15 U.S.C.A. § 13(a).

It is true, as contended by the defendant, that some discriminations are permitted under certain conditions, by 15 U.S.C.A. § 13(a), but plaintiffs are not bound to negative them in the complaint, as upon proof being made that there has been discrimination, the burden of showing justification for such discrimination rests upon the defendant. 15 U.S.C.A. § 13(b); American Can Co. v. Ladoga Canning Co., 7 Cir., 44 F.2d 763, certiorari denied 282 U.S. 899, 51 S.Ct. 183, 75 L.Ed. 792.

Defendant contends that the principal purpose of enacting anti-trust laws was to protect the public and that the right of an individual to sue for personal damages sustained is incidental and subordinate.

I will assume, but not find, that to be true as to actions brought under the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, but, while undoubtedly the purpose of the Robinson-Patman Act was to protect the public, a different method of enforcement was pursued, by giving the remedy of treble damages to one who is injured by the illegal act of discrimination, regardless of whether there is a public injury or not, and such civil remedy is not limited to competitors of the injured, but is specifically granted to any person injured. Kentucky-Tennessee Light & P. Co. v. Nashville C. Co., D.C., 37 F.Supp. 728.

The three-fold damage clause of Section 15 was designed to supply an ancillary force of private investigators to supplement the Department of Justice in law enforcement. Quemos Theatre Co. v. Warner Bros. Pictures, D.C., 35 F.Supp. 949.

Under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. fol-

lowing section 723c, this motion is to be heard on the pleadings, depositions and admissions on file together with the affidavits if any, but the allegations of the complaint must be construed in the light most favorable to the plaintiffs. Abel v. Munro, 2 Cir., 110 F.2d 647.

On such a motion all inferences must be resolved against the movant. Hovenden v. City of Bristow, Okl., D.C., 34 F.Supp. 674.

The case of Mutual Life Ins. Co. v. Thompson, D.C., 27 F.2d 753, cited on behalf of defendant, is not in point, and has no application in the instant action.

Only where the allegations of the complaint are contradictory is the pleader bound by those most favorable to the defendant. Wannamaker v. Edisto Nat. Bank of Orangeburg, 4 Cir., 62 F.2d 696.

That, however, has no application here, as none of the allegations of the complaint in the instant suit are contradictory.

The reply affidavit of the defendant's attorney, submitted in support of this motion, says: Defendant owns and operates a refinery within the State of New York, at which refinery the defendant refines crude petroleum and refines petroleum products including gasoline, and that defendant maintains storage plants at various locations in the State of New York, including two such plants in the Borough of Brooklyn, from one of which plants the gasoline sold to the plaintiffs was distributed by tank wagons. It is to be noted, however, that said affidavit does not say that defendant maintains only the one refinery, nor does it say that the gasoline delivered to the plaintiffs came from that refinery, and the issue here tendered should not be decided, and the motion granted on that affidavit, but the issue should be left for determination on the trial.

That for the convenience of the defendant deliveries were made from storage plants within the State of New York does not negative the sales being made in interstate commerce. Midland Oil Co. v. Sinclair Refining Co., D.C., 41 F.Supp. 436; Alabama Independent Serv. S. Ass'n v. Shell P. Corp, D.C., 28 F.Supp. 386.

Defendant cited certain cases, in which the Sherman Anti-Trust Act was involved, but those cases were not in point, as the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, and the Clayton Act, 15 U.S.C.A. §§ 12–27, provide different tests of liability. United Shoe Mach. Co. v. United States, 258 U.S. 451, 459, 42 S.Ct. 363, 66 L.Ed. 708.

The complaint states a claim against the defendant, upon which relief can be granted, and states facts sufficient to establish the jurisdiction of this Court. Motion No. 1 is denied.

Motion No. 2 to strike is without merit, and if I was prepared to grant it, I would have granted Motion No. 1. The portions sought to be stricken out are not immaterial, irrelevant and impertinent, nor are they mere conclusions unsupported by facts, and if any of them be redundant, they do not affect the substance, and such redundancy does not in itself present a sufficient ground for granting the motion. Motion No. 2 is denied.

Any bill of particulars granted herein should be to enable the defendant to properly prepare a responsive pleading, and if anything further be required to prepare for trial, there are other methods provided, such as examination before trial, and interrogatories. Of course, the other purchasers should be identified, as that would be the only way defendant could know what it had to meet, and the other items, which I will allow, I believe defendant should have, to enable it to plead, but those I shall not allow I find to be unnecessary.

Motion 3 for a more definite statement, or bill of particulars, is granted, as to subdivisions (c) (d) (f) and (i), with leave to plaintiffs to amend the bill of particulars up to thirty days before the trial, by adding the names of additional and different other purchasers, of whom it, or its Attorneys, may not now know, but may hereafter become apprised. As to the other subdivisions of such motion, they are denied.

Motion 4, for a more definite statement, or bill of particulars, is granted, as to subdivisions (a) (b) and (d) with leave to the plaintiffs to amend the bill of particulars up to thirty days before the trial, by adding the names of other purchasers of whom they may not now know, but may hereafter become apprised. As to the other subdivisions of such motion, they are denied.

Motion 5, for an extension of time, to answer and to move, is granted, except that the extension of time to make

further motions shall not be to make motions broadly directed to the complaint, but only before pleading to make motions directed to the bills of particulars and to the complaint as modified by the bills of particulars.