Gisela **KRAVITZ** and Alexander Theorarous, on behalf of themselves and all other Purchasers and Holders of Limited Partnership Interests in American Thread Building Associates, similarly situated, Plaintiffs,

v.

Robinson **CALLEN**, E. Rene Frank, 260 West Broadway Corporation, and Samuel P. Sherdell, Defendants.

Gisela **KRAVITZ** on behalf of herself and other Purchasers and Holders of Limited Partnership Interests in Allentown Office Center Associates, similarly situated, Plaintiffs,

v.

E. Rene **FRANK**, Samuel Sherdell, Robinson Callen, Landes & Wingate, Milton M. Jacobs, Gussie Fader and Sol Ehrlich, Defendants.

Nos. 67 Civ. 3446, 67 Civ. 3506.

United States District Court
S. D. New York.

Jan. 16, 1968.

Ira Jay Sands, New York City, for plaintiffs.

Tenzer, Greenblatt, Fallon & Kaplan, New York City, for defendant E. Rene Frank; Edward L. Sadowsky, New York City, of counsel.

PALMIERI, District Judge.

These actions, arising out of real estate syndication transactions, allege numerous violations of federal and New York State securities laws (§ 17(a). Securities Act of 1933; § 10(b), Securities Exchange Act of 1934, Rule 10b–5 of the Securities and Exchange Commission promulgated thereunder, and § 352 of the New York General Business Law, McKinney's Consol. Laws, c. 20).

These actions are brought by holders of limited partnership interests in their own behalf and in behalf of all the other holders of such interests and are essentially for rescission. The gist of the complaints is that the defendants were guilty of material misrepresentations and omissions in the sale of the limited partnerships. The only differences between the actions are that the parcels of real estate involved are different and that the defendants are not the same in both cases. However the moving defendants Frank and Sherdell, respectively a dealer in real estate and a certified public accountant, are named in both actions. The defendant Callen is also cited in both actions.

The defendants move to dismiss the complaint for failure to state a claim on which relief can be granted. Fed.R.Civ. P. 12(b) (6). They assert substantially the following grounds: the real property involved was sold with the consent of the limited partners, each of whom received a distribution in "full settlement" of all their claims. The limited partnership has been dissolved and the certificate of partnership cancelled. It follows, the moving defendants urge, that the rescission the plaintiffs seek is unavailable since they no longer have any limited partnership interests to tender; and that the class of persons they purport to represent no longer exists.

Any discussion of the defendants' motions would serve no useful purpose since the plaintiffs press a valid motion pursuant to Fed.R.Civ.P. 15(a) to serve and file an amended complaint upon the defendants in both actions. The amended complaint seeks substantial damages on a number of grounds.

The amended complaint which incorporates, in effect, the allegations of the two actions, should reduce the burden of this litigation to the Court and to the litigants. The two pending cases, both of recent origin, have not passed beyond the pleading stage. They are parallel cases, identical in many respects. Indeed the papers submitted to this Court on the motions to dismiss are substantially identical in both cases. Rule 15(a) of the Federal Rules of Civil Procedure states that "leave shall be freely given when justice so requires." See Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The defendants will not be prejudiced by this course as they can test the propriety of this class action at a later and more appropriate stage of the litiga-

tion. See Fed.R.Civ.P. 23(c) (1); Kronenberg v. Hotel Governor Clinton, 41 F. R.D. 42 (S.D.N.Y.1966). They also will be able to move for a dismissal under Rule 12(b) (6) of the amended complaint. In considering the advisability of allowing an amended complaint under Rule 15 (a) it should be remembered that the Second Circuit has warned against summary disposition of shareholder actions by the granting of summary judgment. Fogelson v. American Woolen Co., 170 F. 2d 660 (2d Cir. 1946), followed in List v. Fashion Park, Inc., 222 F.Supp. 798, 802 (S.D.N.Y.1963). This warning against summary disposition must also be applied to an attack against the pleading where, like in cases of summary judgment (United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)), the factual inferences must be viewed in the light most favorable to the party opposing the motion. See Blazon Inc. v.

Deluxe Game Corp., 268 F.Supp. 416, 433 (S.D.N.Y.1965); Smith-Corona Marchant Inc. v. American Photocopy Equip. Co., 214 F.Supp. 348 (S.D.N.Y.1962); Weinberg v. Sinclair Refining Co., 48 F. Supp. 203 (E.D.N.Y.1942). This is especially true in view of the fact that the allegations of the complaint must be considered as true in deciding this kind of motion. Kossick v. United Fruit Co., 365 U.S. 731, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961); Winston v. United States, 305 F. 2d 253, aff'd sub nom. on other grounds, United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963); Blau v. Oppenheim, 250 F.Supp. 881, 883 (S.D. N.Y.1966).

The motions to dismiss are denied. It is so ordered.

The motions for leave to serve and file an amended complaint in the form annexed to the motion papers is granted. It is so ordered.