The Chicago, Rock Island and Pacific Railway Co.

*v.*

The People of the State of Illinois.

*Opinion filed October 24, 1905.*

1. Railroads—*Revenue act construed as to penalty for failing to make "statement" to county clerk.* The penalty provided in section 49 of the Revenue act for failure of a railroad company to file a "statement" with the county clerk and the Auditor refers to the original statement giving the detailed description of the property which is to be afterwards denominated "railroad track," and does not refer to the annual report of the value of "railroad track" and the list of rolling stock, required to be filed for the purpose of taxation.

2. Statutes—*penal statutes are to be strictly construed.* Penal statutes are to be strictly construed, and matters which are not clearly included cannot be brought within the operation of such statutes by mere construction.

3. PLEADING—*effect of pleading over after demurrer.* By pleading to the merits after the overruling of a demurrer the defendant waives the right to move in arrest of judgment on the grounds of the demurrer, but on appeal or error he may urge that the declaration is not sufficient to support the judgment even though aided by verdict.

4. CONSTITUTIONAL LAW—*section 49 of the Revenue act is not unconstitutional.* The minimum penalty of $1000 provided for in section 49 of the Revenue act for failure of a railroad company to file the "statement" required by sections 41 and 48, is not so disproportionate and oppressive as to violate section 11 of article 2 of the constitution, declaring that "all penalties shall be proportioned to the nature of the offense."

5. APPEALS AND ERRORS—*when Supreme Court has jurisdiction of direct appeal.* If the constitutionality of a statute is raised by demurrer and the record presents a fairly debatable question upon that point the Supreme Court has jurisdiction of a direct appeal and may consider and determine all questions arising upon the record.

APPEAL from the Circuit Court of Mercer county; the Hon. EMERY C. GRAVES, Judge, presiding.

JACKSON, HURST & STAFFORD, and McARTHUR & COOKE, for appellant.

H. J. HAMLIN, Attorney General, and WILLIAM J. GRAHAM, State's Attorney, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

In an action in debt instituted by the appellee against the appellant company in the circuit court of Mercer county, judgment was entered against the appellant company in the sum of $1000 as a penalty authorized to be imposed by the concluding sentence of section 49 of chapter 120, entitled "Revenue," (3 Starr & Cur. Stat. p. 3423,) for the alleged failure on the part of the appellant company to make the statement to the county clerk referred to therein. This is an appeal perfected to this court directly, for the reason, as we shall hereafter see, the decision involves the question of the constitutionality of said penal clause of said section 49.

Sections 40 to 49, inclusive, of said chapter 120, commonly called the "Revenue act," are to be considered in the determination of the questions arising on the record.

Section 40 requires every person, company or corporation owning or operating or constructing a railroad, to return sworn lists or schedules of the taxable property of such railroad.

Section 41 is as follows: "They shall, in the month of May of the year 1873, and at the same time in each year thereafter when required, make out and file with the county clerks of the respective counties in which the railroad may be located, a statement or schedule showing the property held for right of way, and the length of the main and all side and second tracks and turn-outs in such county, and in each city, town and village in the county, through or into which the road may run, and describing each tract of land, other than a city, town or village lot, through which the road may run, in accordance with the United States surveys, giving the width and length of the strip of land held in each tract, and the number of acres thereof. They shall also state the value of improvements and stations located on the right of way. New companies shall make such statement in May next after the location of their roads. When such statement shall have been once made, it shall not be necessary to report the description as hereinbefore required, unless directed so to do by the county board; but the company shall, during the month of May, annually, report the value of such property, by the description set forth in the next section of this act, and note all additions or changes in such right of way as shall have occurred."

Section 42 provides that the right of way, main, side, second tracks and turn-outs and improvements of railroad companies on such right of way, required by the provisions of section 41 to be particularly described, shall be deemed, for the purposes of taxation, to be real estate and shall be denominated "railroad track," and shall be so listed and

valued; and it provides further for a convenient and condensed description thereof in the assessment of such property, and when same is advertised and sold for taxes.

Section 43 provides that the value of such "railroad track" shall be listed and taxed in the various municipalities of the State in proportion that the length of the main track in such municipalities bears to the whole length of the road in the State, except, etc.

Section 44 defines certain property of railroad companies, which shall be known, for the purposes of taxation, as "rolling stock," and requires that the person, company or corporation owning, constructing or operating a railroad in this State shall, in the month of May in each year, return a "list or schedule" containing a correct, detailed inventory of all property comprehended within the term "rolling stock," and also a complete enumeration of the locomotives and cars of all kinds belonging to the company.

Section 45 prescribes the manner in which such "rolling stock" shall be listed and taxed in the several taxing districts.

Section 46 provides that the tools and materials for repairs, and all other personal property of a railroad company, except "rolling stock," shall be "listed and assessed" in the local taxing district in which it may be on the first day of May of each year, and that all real estate, other than that denominated "railroad track," shall be listed for taxation as lands or lots, as the case may be.

Section 47 requires the county clerk to return to the local assessor a copy of the "schedule or list" of the real estate other than that known as "railroad track," and of the personal property other than that designated as "rolling stock," the same to be assessed by the assessor.

Sections 48 and 49 are as follows:

"Sec. 48. At the same time that the lists or schedules are hereinbefore required to be returned to the county clerks, the person, company or corporation running, operating or constructing any railroad in this State, shall return to the

Auditor of Public Accounts sworn statements or schedules, as follows:

"*First*—Of the property denominated 'railroad track,' giving the length of the main and side or second tracks and turn-outs, and showing the proportions in each county, and the total in the State.

"*Second*—The 'rolling stock,' giving the length of the main track in each county, the total in this State, and the entire length of the road.

"*Third*—Showing the number of ties in track per mile, the weight of iron or steel per yard, used in main and side-tracks; what joints or chairs are used in track, the ballasting of road, whether graveled or dirt, the number and quality of buildings or other structures on 'railroad track,' the length of time iron in track has been used, and the length of time the road has been built.

"*Fourth*—A statement or schedule showing (1) the amount of capital stock authorized and the number of shares into which such capital stock is divided; (2) the amount of capital stock paid up; (3) the market value, or if no market value, then the actual value of the shares of stock; (4) the total amount of all indebtedness, except for current expenses for operating the road; (5) the total listed valuation of all its tangible property in this State. Such schedule shall be made in conformity to such instructions and forms as may be prescribed by the Auditor of Public Accounts.

"Sec. 49. If any person, company or corporation owning, operating or constructing any railroad, shall neglect to return to the county clerks the statements or schedules required to be returned to them, the property so to be returned and assessed by the assessor shall be listed and assessed as other property. In case of failure to make returns to the Auditor, as hereinbefore provided, the Auditor, with the assistance of the county clerks and assessors, when he shall require such assistance, shall ascertain the necessary facts and lay the same before the State Board of Equalization.

In case of failure to make said statements, either to the county clerk or Auditor, such corporation, company or person shall forfeit, as a penalty, not less than $1000 nor more than $10,000 for each offense, to be recovered in any proper form of action, in the name of the People of the State of Illinois, and paid into the State treasury."

The recovery of the penalty of $1000 awarded in the case at bar was not for the refusal of the appellant company to list or schedule its property for taxation, but for the failure to make such lists or schedules within the month of May, 1903. The proper lists or schedules were filed by it on the third day of June, 1903. The penalty to be inflicted is, to adopt the language of said section 49, for the "failure to make said statements, either to the county clerk or Auditor."

It will be observed that the requirement that "statements" shall be made is to be found only in sections 41 and 48. Section 48 relates to statements or schedules which are to be made to the Auditor of Public Accounts. The declaration does not charge, nor does the proof relate to, any supposed failure on the part of the appellant company to make the proper statement or schedule to the Auditor, but only to an alleged failure to make such statement as the statute requires to be made to the county clerk. In each of sections 41 and 48 that which is to be made is called a "statement or schedule." In each of the sections (41 and 48) full and detailed itemized descriptions of the property to be assessed are required to be given. The instrument required to be made by each of these sections partakes of the nature of a statement and list. The word "schedule" has a meaning as the equivalent to "inventory." (25 Am. & Eng. Ency. of Law,—2d ed.—2; Standard Dict., title "Schedule.") An inventory is a list or catalogue of property, merely, without attempt to describe the same in detail. (*Peet* v. *Dakota F. & M. Co.* 1 S. Dak. 69; *Smith* v. *Com. Ins. Co.* 49 Wis. 327; *Cramer* v. *Oppenheimer,* 16 Col. 498.) A schedule of property for taxation is a list of assessable articles without

attempt to describe the same in detail. A "statement" is defined to be "a formal, exact, detailed presentation." (Standard Dict., title "Statement.") A statement would contain all that would appear in a schedule or list, but would contain minutia and matter of description not necessary to a schedule or inventory.

That portion of the instrument which is required to be filed by section 41 which is to set forth a detailed description of the right of way, the main, side and second tracks of a railroad, etc., and the description of each tract of land through which the road runs, in accordance with the United States surveys, etc., is the "statement" for the failure to make which a penalty is prescribed by the provision in section 49. This is required to be filed in the month of May, 1873, by all roads then in existence, and thereafter by railroads subsequently organized and constructed, in the month of May next after the location of the new road. "Lists or schedules" of the "railroad track" are required to be filed annually thereafter, but that which is to be known as the "statement," for the failure to make which a penalty is declared, having been once made is not again required to be made, as is expressly declared in said section 41, unless required by the county board. After such statement has been once made the only duty thereafter devolving on the company as to the property of which a detailed description is given in the statement, and to which the statute gives the name "railroad track," (sec. 42,) is to report the value of such property, not describing it as in the statement, but by the name "railroad track."

The purpose of the penalty, so far as involved in this case, is to secure the filing of the detailed description of the property which is afterwards to be called "railroad track," in order that such property may afterwards be legally described as "railroad track" and comprehended within the statutory meaning of those words. The penal clause of section 49 is directed only against a failure to "make said state-

ments," and cannot be extended, by implication, to include the failure to report the value of said "railroad track" annually, or to return the lists or schedules of "rolling stock" required to be returned each year by section 44, or to the failure to make the list or schedule of the personal property and real estate belonging to a railroad company other than "rolling stock" and "railroad track," which is required to be listed by section 46. Section 48 requires the making of a return to the State Auditor, which, it will be observed, is a statement in detail and not a mere schedule or list of property for taxation, and the word "statement" is used in the plural in the penal clause of section 49 in order to include the statement required by sections 41 and 48.

Penal statutes are, by well settled principles of law, to be strictly construed, and matters and things which are not clearly included cannot be brought within the operation of such statutes by mere construction. This rule of construction is stated in the Illinois Cyc. Digest, (vol. 8, pp. 980, 981,) and in the foot-notes are there collected the many decisions rendered by this court in which this doctrine of construction has been declared and applied.

The declaration contained five counts, in none of which was it charged that the appellant company had failed to comply with the statutory requirement with reference to the filing of the "statements" required by either section 41 or 48. The declaration was framed upon the theory that the report of the value of the property known as "railroad track" required by the concluding clause of section 41 to be annually made, and the "lists or schedules" of property known as "rolling stock" required to be made by the provisions of section 44, and the list of personalty and real estate other than "rolling stock" or "railroad track" required by section 46 to be made, were "statements," for the failure to file which the penalty of not less than $1000 nor more than $10,000 was declared by the penal clause of section 49. As we have seen, this is an erroneous view as to the meaning of the word "state-

ments," as used in said penal clause of section 49. The declaration, therefore, did not, in any of the counts thereof, state any cause of action whatever, and was wholly insufficient to support the judgment.

The appellant company presented a general demurrer to the declaration, but the court held that the declaration was a good and sufficient statement of a cause of action, and overruled the demurrer. For this error on the part of the trial court the appellant company asks that the judgment be reversed.

The appellee directs the attention of the court to the fact that the appellant company did not abide its demurrer, but filed the general issue and submitted the cause to a final hearing on the facts, and insists that the appellant company must be deemed to have waived the right to insist in the trial court by way of a motion in arrest of the judgment, or in this court by an assignment of error, that the trial court erred in overruling the demurrer. It is true that having failed to abide its demurrer the appellant company could not again urge the trial court, by way of a motion in arrest of the judgment, that the declaration was obnoxious to the demurrer. By filing the plea to the merits the appellant company debarred itself of the right to move in arrest of judgment for the same reason raised by the demurrer, but on appeal or error the appellant company may assign as grounds for reversing the judgment, as is here done, that the allegations of the declaration, and of each count thereof, do not state a cause of action and are insufficient to support the judgment though aided by the verdict. (*Marske* v. *Willard,* 169 Ill. 276; *Chicago and Eastern Illinois Railroad Co.* v. *Hines,* 132 id. 161; *Chicago and Alton Railroad Co.* v. *Clausen,* 173 id. 100.) A verdict will aid a defective statement of a cause of action, but does not cure the statement of a defective cause of action.

The appellant company also urges that the penal clause of section 49 is unconstitutional, and for that reason invalid.

It is urged that the statutory penalty of not less than $1000, prescribed in section 49 as the minimum penalty to be inflicted, is so excessive, in view of the omission for which it is to be inflicted, that the statute should be held to contravene that portion of section 11 of article 2 of the constitution of 1870 which declares that "all penalties shall be proportioned to the nature of the offense." As we have hereinbefore seen, the penalty prescribed by the statute is not to be inflicted because of the failure of a railroad company to file or make "lists or schedules" for the annual assessment and taxation of its property, but for the failure to make the "statements" containing the detailed description of the main, side and second tracks and turn-outs in each taxing district, and a description of each tract of land other than a city, town or village lot, in accordance with the United States surveys, giving the width and length of each strip of land in each tract and the number of acres thereof, as required by section 41 to be made by existing roads in 1873, and by roads subsequently constructed, in the month of May next thereafter, or the "statements" giving the detailed information to the Auditor of Public Accounts, as provided in section 48. The purpose to be effected by these "statements" is to obtain the legal and proper description and full and complete information of property having very great taxable value, and which should yield large revenues to the State and to the taxing districts wherein such property is located. The very great importance of this information in detail as required, and within the time prescribed, is apparent upon but slight consideration of the subject. The amount of a penalty to be inflicted must and does largely rest in the sound discretion of the General Assembly, and it is only when the minimum penalty is flagrantly and plainly oppressive and disproportioned to the offense for which it is inflicted that the courts will interfere and refuse to enforce the enactment. (13 Am. & Eng. Ency. of Law,—2d ed.—60, 61.) The enactment of the penal clause in question does not infringe

the constitutional provision prohibiting penalties not proportioned to the offense.

Though we do not sustain the contention of the appellant company in its insistence on this point, still the demurrer to the declaration raised the point (*Shepherd* v. *City of Sullivan,* 166 Ill. 78,) and the record presented a fairly debatable question as to the constitutionality of the enactment. This court, therefore, possessed jurisdiction of the appeal, (*Griveau* v. *South Chicago City Railway Co.* 213 Ill. 633,) and power to consider and judicially determine all of the questions arising on the record.

The declaration stated no cause of action whatever, nor did the evidence disclose any ground for the infliction of the penalty against the appellant company. The judgment is therefore reversed.

*Judgment reversed.*