Trimmer, Treasurer of Garvin County, v. State ex rel. Rennie.

TRIMMER, *Treasurer of Garvin County,* v. STATE *ex rel.*
RENNIE.

No. 3653.   Opinion Filed June 23, 1914.

(141 Pac. 784.)

1.   **STATUTES—"Proviso."**   The proviso of a statute is a clause
which generally contains a condition that a certain thing shall,
or shall not, be done in order that something in another clause
shall take effect.   It implies a condition and defeats the opera-
tion of the antecedent clause conditionally.

2.   **TAXATION—Notice to Taxpayers—Penalty for Delinquency.**   By
the enactment of section 2, Sess. Laws 1910, c. 73, as amended by
section 1 of chapter 120, Sess. Laws 1910-11, the Legislature in-
tended to impose upon the county treasurer the duty of notifying
by mail each taxpayer whose name appears on his record of the
amount of his taxes, and when the same will become due and
delinquent; and that upon the performance of this duty, and not
otherwise, the penalty prescribed for delinquency shall attach
upon failure of the taxpayer to pay his taxes within the time pro-
vided by the statute.

(Syllabus by the Court.)

*Error from District Court, Garvin County;*
*R. McMillan, Judge.*

Mandamus by the State, on the relation of Albert Rennie,
against J. F. Trimmer, Treasurer of Garvin County.   Judgment
for relator, and defendant brings error.   Affirmed.

*John M. Stanley,* Co. Atty., and *Andrew Wood,* Asst. Co.
Atty., for plaintiff in error.

*John A. McClure,* for defendant in error.

KANE, C. J.   This was a proceeding in mandamus com-
menced by a taxpayer wherein he prayed for a peremptory writ
of mandamus to compel the defendant, county treasurer of Garvin
county, to issue to him a receipt in full for taxes on certain real
property owned by the relator in said county.   Upon trial the
court below granted the relief prayed for, and it is to reverse this
action that this proceeding in error was commenced.   The treas-
urer refused to issue the tax receipt in full for all taxes, for the

reason that the relator refused to pay the penalty assessed against him for failure to pay his taxes in accordance with section 2 of Sess. Laws 1910, c. 73, as amended by section 1 of chapter 120, Sess. Laws 1910-11, which provides:

"One-half of all taxes levied upon an *ad valorem* basis, for the fiscal year ending June 30th, 1912, and for each fiscal year thereafter, shall become due on the first day of November; and unless said one-half of the taxes so levied shall be paid on or before the first day of January, the entire tax levied for such fiscal year shall become delinquent on said date. If the first half of the taxes, levied upon an *ad valorem* basis for any such fiscal year, shall have been paid on or before the first day of December, the second half shall become delinquent on the fifteenth day of June thereafter. All delinquent taxes shall, as a penalty, bear interest at the rate of eighteen per centum per annum. Provided, that the county treasurer shall stamp the date of receipt on each letter containing funds in payment of taxes; and no penalty shall attach after the receipt of the full amount due, at said date, by reason of the inability of the county treasurer to enter the same of record on the date received; and, provided further, that it shall be the duty of the county treasurer, on or before November first, to notify by mail, postage prepaid, each taxpayer whose name appears on his record, of the amount of his taxes and when the same will become due and delinquent."

The relator contends that inasmuch as the treasurer did not give him the notice required by the proviso of the foregoing statute, he is not liable to pay any penalty for the delinquency complained of, and therefore the treasurer should accept the original amount of his taxes without adding any penalty and issue a receipt therefor in full.

We think this contention is well taken. The proviso of a statute is a clause which generally contains a condition that a certain thing shall, or shall not, be done, in order that something in another clause shall take effect. It implies a condition and defeats the operation of the antecedent clause conditionally. 32 Cyc. 743; *Walsh v. Van Horn*, 22 Ill. App. 170.

Construing the above provision in the light of the well-known functions of a proviso, it seems entirely clear to the court that whether the antecedent clause of the statute—to wit, "All delin-

quent taxes shall as penalty bear interest at the rate of eighteen per centum per annum"—shall take effect depends upon compliance with the terms of the second proviso by the county treasurer. By the enactment of section 2 of Sess. Laws 1910, c. 73, as amended by section 1 of chapter 120, Sess. Laws 1910-11, the Legislature intended to impose upon the county treasurer the duty of notifying by mail each taxpayer whose name appears on his record of the amount of his taxes and when the same will become due and delinquent, and that upon the performance of this duty the penalty shall attach upon failure of the taxpayer to pay his taxes in the time provided by the statute. The text of the foregoing section has been somewhat altered by the codifiers in the Harris-Day Code. As the taxes herein involved became delinquent prior to the adoption of the Harris-Day Code, this opinion is not a construction of the section as it appears in that publication.

The judgment of the court below is affirmed.

All the Justices concur.