City Nat. Bank of Madill v. Gayle. County Treasurer.

We think that there was no error committed by the trial court in any of the instructions, considered together; that every instruction requested by defendant that ought to have been given was fairly and substantially given in the court's general instructions.

Finding no error in the proceedings of the trial court, we recommend that the judgment below be affirmed.

By the Court:  It is so ordered.

---

## CITY NAT. BANK OF MADILL v. GAYLE, *County Treasurer.*

No. 5614.   Opinion Filed February 8, 1916.

(155 Pac. 552.)

1.   **TAXATION—Notice to Taxpayers—Delinquency.** By the enactment of section 2, Sess. Laws 1910, c. 73, as amended by section 1, c. 120, Sess. Laws 1910-1911, the Legislature intended to impose upon the county treasurer the duty of notifying by mail each taxpayer whose name appears on his record of the amount of his taxes, and when the same will become due and delinquent, and that upon the performance of this duty, and not otherwise, the penalty prescribed for delinquency should attach upon failure of the taxpayer to pay his taxes within the time provided by the statute.

2.   **SAME.** It is not the knowledge of the amount of the taxes, but the giving of the notice, that permits the collection of this penalty and determines the delinquency of taxes.

(Syllabus by Watts, C.)

*Error from District Court, Marshall County;*
*Jesse M. Hatchett, Judge.*

Action by the City National Bank of Madill against V. Gayle, as County Treasurer of Marshall county. A

demurrer to defendant's answer was overruled, and plaintiff brings error.   Reversed, with directions.

*George E. Rider, E. S. Hurt,* and *O. P. Jones,* for plaintiff in error.

Opinion by WATTS, C.   This is an action by the plaintiff in error, plaintiff below, brought to restrain the defendant in error, defendant below, as county treasurer of Marshall county, Okla., from collecting a penalty for the nonpayment of the taxes for the fiscal year ending June 30, 1912.   In the amended petition the plaintiff sets up that the amount of the taxes due and owing the county from the plaintiff for that year amounted to $1,550.50, and that in a proceeding brought to review the action of the board of equalization, it was adjudged to owe that amount as taxes for the period herein mentioned, which amount the plaintiff alleges it tendered to the treasurer and which it tenders into court, and alleges that the treasurer refuses to accept the same, and is demanding of the plaintiff, as a penalty thereon, interest at the rate of 18 per cent. per annum, from January 1, 1912, and is threatening to cause the plaintiff's property to be seized and levied upon by the sheriff of said county for the purpose of collecting said penalty, together with the principal amount of the taxes.   The plaintiff also alleges that the defendant failed and neglected to notify the plaintiff by mail, on or before November 1, 1912, of the amount of its taxes and the date when the same would become due and delinquent as provided by law.   To this petition the defendant filed his answer, wherein he specifically admits that the plaintiff's property was assessed as alleged by the plaintiff, and that the amount set forth in the plain-

tiff's petition was the principal amount of the plaintiff's taxes. The defendant also admits that the notice provided by the statutes was not given to the plaintiff, and pleads as an excuse therefor that the tax rolls for that county were not made up and were not delivered to him until after the date on which the notice is required to be given. He also attempts to plead an estoppel against the plaintiff, claiming that the plaintiff and its officers well knew the amount of its taxes and the date on which the same would become delinquent, and that the notice provided for by statute would have therefore been useless, and that the plaintiff waived the same by appealing from the decision of the board of equalization and by seeking a temporary restraining order against him during the pendency of that appeal, and that these acts by the plaintiff constituted a waiver of the notice contemplated by law, and that there was therefore due and owing from the plaintiff the principal amount of the taxes, together with the interest thereon as set out in plaintiff's petition. To this answer the plaintiff demurred, and upon the overruling thereof by the court, the plaintiff elected to stand upon his demurrer, whereupon judgment was entered against the plaintiff and in favor of the defendant, and the plaintiff thereupon brings this proceeding in error for the reversal of this judgment.

Section 2, Session Laws 1910, c. 73, as amended by section 1, c. 120, of the Session Laws of 1910-1911, which was in effect at the time the cause of action herein arose, provides as follows:

"One-half of all taxes levied upon an *ad valorem* basis, for the fiscal year ending June 30th, 1912, and for each fiscal year thereafter, shall become due on the first

day of November; and unless said one-half of the taxes so levied shall be paid on or before the first day of January, the entire tax levied for such fiscal year shall become delinquent on said date. If the first half of the taxes, levied upon an *ad valorem* basis for any such fiscal year, shall have been paid on or before the first day of December, the second half shall become delinquent on the fifteenth day of June thereafter. All delinquent taxes shall, as a penalty, bear interest at the rate of eighteen per centum per annum. Provided, that the county treasurer shall stamp the date of the receipt of each letter containing funds in payment of taxes; and no penalty shall attach after the receipt of the full amount due, at said date, by reason of the inability of the county treasurer to enter the same of record on the date received; and, provided further, that it shall be the duty of the county treasurer, on or before November first, to notify by mail, postage prepaid, each taxpayer whose name appears on his record, of the amount of his taxes and when the same will become due and delinquent."

This point has been determined by this court in the case of *Trimmer v. State,* 43 Okla. 152, 141 Pac. 784, wherein the court held:

"By the enactment of section 2, Sess. Laws 1910, c. 73, as amended by section 1, c. 120, Sess. Laws 1910-1911, the Legislature intended to impose upon the county treasurer the duty of notifying by mail each taxpayer whose name appears on his record of the amount of his taxes and when the same will become due and delinquent, and that upon the performance of this duty the penalty shall attach upon failure of the taxpayer to pay his taxes in the time provided by the statute."

Speaking further in this case, Kane, C. J., says:

"The relator contends that, inasmuch as the treasurer did not give him the notice required by the proviso of the foregoing statute, he is not liable to pay any pen-

alty for the delinquency complained of, and therefore the treasurer should accept the original amount of his taxes without adding any penalty and issue a receipt therefor in full.   We think this contention is well taken."

In the present case, the defendant having admitted that the notice was not given, the penalty therefore did not attach.

The defendant does not contend in his answer that the plaintiff made any representation of any kind or rharacter, or that he was misled to his injury by the silence of the plaintiff, and this being absolutely essential to a plea of estoppel or waiver, we cannot see why he should complain, because it was certainly not the duty of the plaintiff to see that the notice was given.   In the discussion of the question of estoppel and waiver, in the 6th edition of Bigelow on Estoppel, at page 728, it is said:

"There is a further difference in principle between the two classes of estoppel growing out of the same difference in subject-matter.  We have seen that in the case of concealed rights of title pure silence may be misleading, and so raise an estoppel.  That proceeds upon the ground that the right or title is unknown to and withheld from the person acting.  In the present case, however, the facts are known to him as well as to the other party.  It should accordingly require more to make out the estoppel than in the other case.  There should be some clear and decisive act or conduct, beyond silence, to work the waiver, as we have seen in regard to waiver of proofs of loss under policies of insurance.  The party claiming the benefit, should, in this case as much as in the other, show that he has been misled into the confidence reposed; and pure silence by the one party in regard to a right perfectly known to the other can rarely mislead a man of average intelligence, by whose probable

action the case must of course be judged. If, then, the act of the party claiming the waiver was purely voluntary, with full knowledge of the other's rights, and no act or conduct of the latter beyond mere silence induced the expenditure or other change of position, there will be no estoppel."

It is not the fault of the plaintiff that the tax rolls of this county were not made out at the time required by law, nor that the notice required by law was not given, and the mere silence of its officers and their knowledge of the amount of the taxes due and resistence of the payment thereof cannot amount to a · waiver of the notice required by law before the penalty could attach, because it is not the knowledge of the amount of the taxes, but the giving of the notice, that permits the collection of this penalty and determines the delinquency of the taxes.

We, therefore, recommend that the judgment of the lower court be reversed, and that this cause be remanded, with instructions to sustain the demurrer to the defendant's answer.

By the Court: It is so ordered.