## MILLER, County Treasurer, v. STATE ex rel. STANDARD SAVINGS ASS'N.

No. 8957—Opinion Filed May 21, 1918.

(173 Pac. 67.)

### 1. Mandamus—Illegal Tax—Tax Issuance of Certificate of Redemption.

Section 7, chapter 107, Sess. Laws 1915, authorizing a taxpayer, after payment of an illegal tax and the giving of notice that suit will be brought, to maintain an action for the return of the amount of the illegal tax so paid, refers to an unlawful assessment of tax made and attempted to be enforced and not to an unlawful penalty sought to be collected; and when the county treasurer refuses to accept the amount lawfully due and tendered on taxes, demanding in addition the payment of an unlawful penalty, mandamus will lie to compel such acceptance and the issuance of proper certificate of redemption.

### 2. Taxation — Delinquency — Notice—Penalty.

Under the law as it existed while section 2, chapter 73, Sess. Laws 1910, or section 1, chapter 120, Sess. Laws 1910-11, amendatory thereof, was in force, taxes did not become delinquent unless the county treasurer had mailed written notice at the time and in the manner therein prescribed to the taxpayer of record of the amount of his taxes and when the same became due and delinquent and, in case of failure so to do, the penalty of 18 per cent. per annum did not attach even after tax sale of real estate upon which such taxes may have been assessed.

(Syllabus by Stewart, C.)

Error from District Court, Woods County; W. C. Crow, Judge.

Action by the State of Oklahoma, on the relation of the Standard Savings & Loan Association, plaintiff, against D. F. Miller, County Treasurer of Woods County, Okla.

From an order overruling a demurrer to plaintiff's petition, defendant brings error. Affirmed.

Sandor J. Vigg, for plaintiff in error.

H. A. Noah, for defendant in error.

Opinion by STEWART, C. This action involves a construction of section 2, ch. 73, Session Laws 1910, and section 1, chapter 120, Session Laws 1910-11, amendatory of the former section, providing for penalty of 18 per cent. on ad valorem taxes after the same became delinquent. Session Laws of 1910 provide that it shall be the duty of the county treasurer, on or before November 1st, to notify by mail, postage prepaid, each taxpayer whose name appears of record of the amount of his taxes and when the same will become due and delinquent, and Session Laws 1010-11 provide that such notice shall be given on or before December 15th. The plaintiff tendered the amount of taxes on its real estate, together with interest at six per cent. per annum and redemption fees as provided by law for each of the years 1908, 1909, 1910, 1911, and 1912, and demanded that the county treasurer accept each of such tenders and issue redemption · certificates, which demand was refused. Whereupon plaintiff filed petition for mandamus, alleging such tenders and refusal of the county treasurer to accept the same, praying that order of mandamus issue against the county treasurer compelling the acceptance thereof and the issuance of such certificates. The defendant demurred to the plaintiff's showing for mandamus, and the court found that, under the allegations, the relator was entitled to the relief asked for as to the years of 1910, 1911, and 1912 and that the demurrer should be overruled as to the tenders made and refused for each of said years. The defendant excepted, elected to stand upon his demurrer, and brings error to this court.

It is contended by the defendant that mandamus does not lie for the reason that the plaintiff is provided with an adequate remedy in the ordinary course of law by section 7, chapter 107, Session Laws 1915, which provides, in substance, that in any case where the illegality of a tax is alleged to arise by reason of some action from which the law provides no appeal the aggrieved person shall pay the full amount of the taxes and give notice that suit will be brought to recover the same, after which an action may be lodged in a court of competent jurisdiction for such recovery. By a careful reading of the section cited it will be observed that the same applies to illegal taxes assessed and attempted to be enforced and not to

the penalty prescribed by statute because of taxes becoming delinquent. Such contention of the defendant is therefore without merit.

It is admitted by the defendant that for the years 1910, 1911, and 1912 no penalty attached from the date of default of taxes to wit, January 1st, in each succeeding year after the assessment to the first Monday in November of the same year or tax sale day, but it is contended that, after the day fixed by law for the sale of real property· on which taxes are delinquent, the penalty of 18 per cent. per annum did attach. In Trimmer, Treasurer, v. State ex rel. Rennie, 43 Okla. 152, 141 Pac. 784, this court says in the syllabus:

"By the enactment of section 2, Sess. Laws 1910, c. 73, as amended by section 1 of chapter 120, Sess. Laws 1910-11, the Legislature intended to impose upon the county treasurer the duty of notifying by mail each taxpayer whose name appears on his record of the amount of his taxes, and when the same will become due and delinquent; and that upon the performance of this duty," and not otherwise, "the penalty prescribed for delinquency shall attach upon failure of the taxpayer to pay his taxes within the time provided by the statute."

In City Nat. Bank v. Gayle, County Treasurer, 55 Okla. 301, 155 Pac. 552, the principal announced is reaffirmed. But the defendant calls our attention to State. ex rel. Oklahoma City Times Co. v. Baker, Treasurer, et. al., 43 Okla. 646, 143 Pac. 668, in which it is said:

"While the failure to give to such owners notice by mail, as provided by section 2, c. 120, of the Sess. Laws 1910-11, would defeat the right to collect any penalty thereon prior to sale, yet the taxes are due and delinquent for nonpayment, and the property may be lawfully advertised and sold for the amount of the taxes alone; and it is not to be presumed that the treasurer will give notice, or attempt to sell such property for an amount in excess of the taxes levied, exclusive of the penalty."

It is insisted that the case last cited is authority for the proposition that the penalty attaches after the sale of the property. The learned justice who wrote the opinion does not expressly say, and, we believe, did not intend to suggest, that such penalty attaches after the tax sale, but the inference to be derived from the language used may be said to justify the contention of defendant. The matter, however, properly · before the court in such case was whether or not the Oklahoma City Times was lawfully designated by the board of county commissioners as the newspaper in which notice of

sale for delinquent taxes should be published; the county treasurer, having published such notice in the Daily Legal News and refused to furnish delinquent list to the Oklahoma City Times, pursuant to the power vested in him to select a paper for such purpose, in the event of failure of the board of county commissioners to lawfully designate a paper in which such publication should be made. The court held that the Oklahoma City Times was not lawfully designated by the board of county commissioners, and that the county treasurer was acting within the scope of his authority when he selected the Daily Legal News for such publication. The county treasurer, in addition to the contention made by him, that the Oklahoma City Times was not lawfully designated by the board of county commissioners, suggested in his brief that, as no notice had been given to the record taxpayer as to the amount of taxes and the time when the same should become due and delinquent, the property could not be sold lawfully for taxes and it was futile to publish notice of tax sale; hence the Oklahoma City Times could not maintain the action to compel the county treasurer to furnish the list of supposed delinquent taxes. Replying to which contention, the writer of the opinion responded as above quoted. Such observation on the part of the court was not necessary to a determination of the issue involved, and the inference claimed to arise therefrom will not be considered as controlling in the case at bar.

In Trimmer v. State, supra, Mr. Justice Kane says in the body of the opinion:

"The proviso of a statute is a clause which generally contains a condition that a certain thing shall not be done, in order that something in another clause shall take effect. It implies a condition and defeats the operation of the antecedent clause conditionally. 32 Cyc. 743; Walsh v. Van Horn. 22 Ill. App. 170. Construing the above provision in the light of the well-known functions of a proviso, it seems entirely clear to the court that whether the antecedent clause of the statute, to wit, 'all delinquent taxes shall as penalty bear interest at the rate of 18 per centum per annum,' shall take effect depends upon compliance with the terms of the second proviso by the county treasurer."

We cannot understand that, if the taking effect of the penalty was conditioned upon giving a written notice, which was not given, the defect could be cured by a sale of the property at tax sale, no written or actual notice of which was given to the property owner. In Cooley on Taxation (2d Ed.) p. 287, referring to notice required by statute to be given the taxpayer, the author says:

"The notice cannot be shortened a single day without rendering it ineffectual; the presumption being that the law has made it as short as was deemed consistent with due protection. A published notice cannot be received as a substitute for a notice to be personally delivered to the party concerned."

And on page 228 the same author says:

"The same rules apply to any notice required of subsequent proceedings; if required to be given within a certain time, or in any prescribed mode, it must be so given."

In Black on Tax Titles, § 288, p. 631, it is said:

"It must also be remembered that notice to the taxpayer and an opportunity for him to be heard in opposition to the assessment or to its amount, is a jurisdictional requisite. No retrospective statute can waive such notice or cure the want of it, because the Legislature could not have dispensed with it in advance."

We are of the opinion that the court did not err in overruling the demurrer as to taxes for the tax years of 1910, 1911, and 1912. The judgment of the trial court is affirmed.

By the Court: It is so ordered.