### EVANS et al. v. NORVELL et al.

No. 12785—Opinion Filed March 18, 1924.

Rehearing Denied June 3, 1924.

**1. Taxation — Action to Redeem Property— Applicable Statute.**

Where suit is instituted to redeem property from tax sale, injunctive relief is prayed for enjoining the county treasurer from issuing tax deed, the provision of section 7, ch. 107, Sess. Laws 1915, providing, in substance, that where there is a question as to the legality of the tax * * * the aggrieved person shall pay the full amount and give notice of his intention to bring suit to recover, etc., does not apply when the suit is brought for the purpose of redemption, and the only question involved is that of the legality of the penalty charged.

**2. Same—Sufficiency of Petition.**

Where a person seeks to redeem property from tax sale, and makes a tender of all taxes, interest, and cost, and pleads facts

sufficient to avoid the penalty, the petition is good as against a demurrer.

**3. Same—Injunctive Relief.**

Injunctive relief may be granted, enjoining the issuance of tax deed, when it is shown that the penalty sought to be charged is illegal, upon the tender of all tax, legitimate interest, and cost. Section 9756, Comp. Stat. 1921.

**4. Taxation—Uniformity—Penalties.**

Section 5, art. 10, of the state Constitution, providing that: "Taxes shall be uniform upon the same class of subjects," does not prohibit the Legislature from imposing a heavier penalty upon one class than upon another.

**5.—Same—Less Penalty for Incompetents.**

Section 9747, Comp. Stat. 1921, providing a penalty of 18 per cent. to be paid by adult owners, and only 10 per cent. to be paid on the part of infants, idiots, or insane persons, on redemption of land sold for tax, is not in conflict with section 5, art. 10, of the state Constitution.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by Norma L. Norvell et al. against Charles Evans et al. Judgment for plaintiff, and defendants appeal. Affirmed.

G. C. Spillers, for plaintiffs in error.

Woodson E. Norvell, Harvey C. Goodloe, and E. E. Harvey, for defendants in error.

Opinion by JONES, C. This is an appeal from an order of the district court of Tulsa county, overruling a demurrer to a petition to redeem certain real estate from various tax sales. The petition concedes the legality of the original tax; and tenders in compliance with the provisions of the statutes relating to tenders, and offers to pay the amount of the tax together with any lawful charges, and interest. And further alleges that the taxes for which the property originally sold was for the year of 1914, and became delinquent prior to November 1, 1915. Plaintiffs further allege that they have received notice from the defendant, Charles Evans, that he will demand issuance to him of the tax deed of the property in controversy from W. W. Stuckey, county treasurer, conveying the land of plaintiffs to the defendant Evans, in satisfaction of said alleged tax claims and demands, and further alleges that both of said defendants are claiming and demanding that plaintiffs pay in addition to the original amount of such taxes, an additional and unlawful charge of 18 per cent. per annum as a penalty; that plaintiffs have

tendered and offered to pay the defendants the true and lawful amount of such taxes, which they have refused to accept. And further allege that the tax claimed for the years 1914, 1915, nor for the year 1916, have never become due or delinquent for the reason that the county treasurer of Tulsa county wholly failed to mail any notice to these plaintiffs or anyone else, giving the amount of said tax claimed as required by law. And that said county treasurer never received any warrant for the collection of such taxes for either of said years until long after the date fixed by law for the collection thereof. That no notice of the sale of said property for delinquent taxes for either of said years was ever given and published in the manner as required by law. Plaintiff further says that section 7404 and section 7389, Rev. Laws 1910, under the provisions of which the defendant claims the right to exact said penalty of 18 per cent. per annum, are in conflict, and in contravention of the provisions of section 5, art. 10, of the Constitution of the state of Oklahoma, which requires taxes to be uniform upon the same class of subjects; and are also in conflict with section 1, of the 14th Amendment of the Constitution of the United States, which guarantees equal protection of the law to all persons.

Plaintiffs pray that defendants be enjoined from issuing, delivering, or receiving any tax deed to said premises, and that on final hearing that plaintiffs be granted a permanent injunction. Appellants contend that the demurrer interposed should have been sustained because plaintiffs below, appellees herein, have a plain and adequate remedy at law, and rely on section 7, art. 1, ch. 107, Comp. Stat. 1915, which is as follows:

"In all cases where the illegality of the tax is alleged to arise by reason of some action from which the laws provide no appeal, the aggrieved person shall pay the full amount of the taxes at the time and in the manner provided by law, and shall give notice to the officer collecting the taxes showing the grounds of complaint and that suit will be brought against the officer for recovery of them."

And also cite the case of A., T. & S. F. Ry. Co. v. Eldridge, County Treasurer, et al., 65 Okla. 317, 166 Pac. 1085, wherein this court said:

"The remedy provided by section 7, art. 1, ch. 107, Sess. Laws 1915, against the collection of illegal taxes, is exclusive, and injunction against such collection will not lie."

And call attention to Bradford v. Snell, County Treasurer, et al., 80 Okla. 56, 193 Pac. 982, which is similar in its nature

to the first case cited; but we do not regard these authorities as controlling in this case. They are cases, as we understand them, involving the collection of a tax, while this is a suit to redeem property from a tax sale, and to enjoin the issuance of a tax deed.

The purpose of the provision of our statutes heretofore quoted provides that the aggrieved taxpayer shall pay the taxes at the time and in the manner provided by law and then sue to recover any illegal tax paid. This provision is for the benefit of the state, and as said in Eldridge Case, supra:

"It is a wise and reasonable precaution for the security of government. No government could exist that permitted the collection of its revenues to be delayed by every litigious man or every embarrassed man, to whom delay was more important than the payment of costs."

But no such interest is at stake in this case, the government had long since secured its taxes, and in fact this is not a controversy for the collection of taxes, the penalty is merely involved.

Appellees cite the case of Miller, County Treasurer, v. State ex rel., 73 Oklahoma, 173 Pac. 67, wherein this court said:

"It is contended by the defendant that mandamus will not lie for the reason that plaintiff is provided with an adequate remedy in the ordinary course of law by section 7, ch. 107, Sess. Laws 1915, which provides, in substance, that in any case where the illegality of the tax is alleged to arise by reason of some action from which the law provides no appeal the aggrieved person shall pay the full amount of the taxes and give notice that suit will be brought to recover the same, after which an action may be lodged in a court of competent jurisdiction for such recovery. By a careful reading of the section cited it will be observed that the same applies to illegal taxes assessed and attempted to be enforced and not to the penalty prescribed by the statute because of taxes becoming delinquent. Such contention of the defendant is therefore without merit."

This was a case where the writ of mandamus was sought to require the county treasurer to accept the tax assessed and the legitimate interest, and involves the question of penalty and the court holds that the statutes heretofore referred to and relied upon by appellant do not control, and affirmed the order of the trial court overruling a demurrer to plaintiffs' petition.

This authority, we think, is more nearly in point, and that the same rule would apply in the instant case, and in view of the

authorities cited, heretofore referred to, and the case of Trimmer, Treasurer, v. State ex rel. Rennie, 43 Okla. 152, 141 Pac. 784, we think the allegations of plaintiffs' petition, wherein it was alleged that no notice was given of the due date of the tax of 1914, as then required by law, and that no notice of sale of property and no tax warrant was legally placed in the hands of the county treasurer authorizing the collection of said delinquent taxes, were good as against the demurrer. Appellees insist that we pass on the question of the constitutionality of the provisions of law providing for penalty, and contend that same is unconstitutional for the reason that it provides a penalty of 18 per cent. on all classes of taxpayers, except infants, idiots, or insane persons, wherein the statutes provides:

"That only 10 per cent. shall be charged at the redemption of land sold on the part of infants, idiots, or insane persons." Section 7413, Rev. Laws 1910.

Appellees contend that this is in conflict with section 55, art. 10, of our state Constitution, which requires that:

"Taxes shall be uniform upon the same class of subjects."

And also call attention to section 1, 14th Amendment of the Constitution of the United States, heretofore referred to, and cite the case of Ah Fond, Federal Case No. 102, 3 Sawyer, 144, and numerous other authorities, none of which we regard as being in point.

There seems to be a dearth of authorities on this particular subject; the only case we find which discusses the question presented is the case of State of Nevada v. Con. V. M. Co., 16 Nev. 432, wherein the court said:

"The Legislature had the power by general law to impose a heavier penalty upon one class than upon another, if in their judgment there was good reason for so doing. The Legislature is in charge of the means necessary for an efficient system of collection, and within reasonable limits, at least its discretion may be exercised by general legislation."

In that case the court was passing upon the validity of the act of the Legislature authorizing that the penalty prescribed by law be remitted in certain cases where suits had been instituted for the collection of taxes, thereby making a distinction as to the application of the law providing for penalty as between certain classes of taxpayers. And while we are not inclined to look with favor upon the provisions of law complained of by appellees, we are inclined to the opinion that the Legislature has au-

thority to enact such law. The provisions of our Constitution providing that taxes shall be uniform upon the same class of subjects do not control the nature and character of the penalty that may be assessed by legislative enactment for failure to pay taxes when due.

Finding no reversible error in the record, we therefore recommend that the judgment of the lower court be affirmed.

By the Court: It is so ordered.