## ROBERTS v. KERKER et al.

No. 20075. Opinion Filed June 16, 1931.

Goode, Dierker & Goode, for plaintiff in error.

Jere G. Crowley, for defendant in error.

HEFNER, J. In the year 1911, C. F. Kerker was the owner of two lots in the city of Shawnee. In November, 1926, he sold and conveyed them by warranty deed to L. E. Roberts. In September, 1927, Roberts sold them to J. W. Hays. The title examiner for Hays discovered that the tax rolls showed delinquent taxes against the premises for the years 1911 and 1912, and refused to approve the title until the taxes were either paid or a showing made that they had been paid. After having been advised of this opinion counsel for Roberts took the matter up with Kerker, who was unable to produce satisfactory evidence of payment. Roberts, in order to consummate the deal, paid the taxes and thereafter brought suit against Kerker to recover on the covenant of warranty in the deed the amount of taxes paid.

The defense was payment. Judgment was entered in favor of defendant. It is plaintiff's contention that the evidence offered by defendant to prove payment was incompetent and therefore improperly admitted over his objection. The only evidence offered to prove payment was the following entry found on the delinquent tax sale book: "Canceled; Paid on Regular Roll. 9-18-20." Defendants contend that the evidence was admissible under section 7402, Rev. Laws 1910, which was the law in force at that time. This section provides:

"The description of real estate in such returns shall be entered in the same numerical order as required in the tax list, and the county treasurer shall keep a tax sale record upon which he shall enter a list of all lands or town lots sold, a description of the same, amount of sale, date of sale, to whom sold, and the amount and date of redemption, by whom redeemed, or to whom deeded, and any person receiving any redemption money shall receipt for the same on said record, and the treasurer shall mark the date of said redemption thereon, and said record shall be evidence in all courts that the same was sold or redeemed."

That section must be construed and considered in connection with section 7407, which provides:

"In case the owner of real estate, or any person having any legal or equitable interest therein. is desirous. of redeeming said real estate from said sale, he shall have the

None

276

right so to do at any time within two years from the date of sale, by paying the county treasurer the amount of all taxes, penalty, interest, and cost of sale up to the date of redemption; and upon the payment thereof, the said county treasurer shall give the person so redeeming a certificate of redemption, and mark the tax sale and sale record that is kept in his office opposite the description of said real estate where said description is entered upon said record, the word 'Redeemed,' and the date when the same was done; and the certificate must be countersigned by the county clerk before it is delivered to the person redeeming, and shall be of no validity unless so countersigned."

Where land is redeemed under these sections, it is the duty of the county treasurer to properly enter on the delinquent tax sale record the amount paid to redeem, the date of redemption, and by whom redeemed. The record, when so made, is by statute made competent evidence in all courts that the taxes were paid and the land redeemed. The record did not contain the entry necessary in order to make it competent evidence. There is no entry that the taxes were paid and the land redeemed. It does not prove payment. This entry simply amounted to a recitation that the taxes were canceled on that record because the regular roll showed payment. An examination of the regular roll discloses that this recitation is not true. When all the records are considered, it is disclosed, in our opinion, that the taxes were not paid. The entry was the only evidence relied on to prove payment, and since it does not contain the recitations required by statute, it was inadmissible for the purpose of proving payment.

Plaintiff further contends that the court erred in admitting evidence to prove that the county treasurer failed to give notice to the owner of the property of the amount of the taxes due thereon. In our opinion the court ruled correctly in this respect. Plaintiff seeks to recover penalties paid by him. His right in this respect is governed by the law as it then existed. The law as then in force appears in section 7389, Rev. Laws 1910, which in part provides:

"All delinquent taxes shall, as a penalty, bear interest at the rate of 18 per cent. per annum. It shall be the duty of the county treasurer, on or before December 15th, to notify by mail, postage prepaid, each taxpayer whose names appear on his record of the amount of his taxes and when the same shall become due and delinquent."

If the notice as provided in this section was not given, plaintiff cannot recover penalties. Trimmer, Treas., v. State ex rel. Rennie, 43 Okla. 152, 141 Pac. 784; Evans v. Norvell, 99 Okla. 248, 226 Pac. 573; Miller v. State, 70 Okla. 82, 173 Pac. 67.

Judgment is reversed and the cause remanded for a new trial.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, McNEILL, and KORNEGAY, JJ., concur. SWINDALL and ANDREWS, JJ., absent.