85 F.2d 1002 (1936)
In re MESSENGER'S MERCHANTS LUNCH ROOMS, Inc.
PEOPLE OF STATE OF ILLINOIS ex rel. AMES, Director of Department of Finance,
v.
OPPENHEIMER et al.
No. 5841.
Circuit Court of Appeals, Seventh Circuit.
October 24, 1936.
*1003 Otto Kerner, Atty. Gen. of state of Illinois (Sol Oswianza, Eli J. Bibo, and William F. Gray, Asst. Attys. Gen., of counsel), for appellant.
Archie Schimberg and Simon H. Alster, both of Chicago, Ill. (Friedman, Schimberg & Alster, of Chicago, Ill., of counsel), for appellees.
Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.
LINDLEY, District Judge.
The state of Illinois, through its director of finance, filed in the District Court, its claims in bankruptcy to recover certain sums claimed to be due under the retailers' occupational tax law of Illinois. These claims were allowed for all sums accruing under the act prior to the filing of the petition in bankruptcy, March 28, 1934, for the amount measured by sales of meals to patrons. They were allowed also for all sales of meals to patrons occurring after June 18, 1934, on which date an Act of Congress became effective, expressly providing that receivers and trustees in bankruptcy shall be subject to the same taxes as private businesses if they conduct the business. The claims were denied, as to (1) all demands measured by meals furnished to employees; (2) demands measured by meals sold customers between the filing date of petition in bankruptcy and June 18, 1934; and (3) penalties upon all sums claimed to be due. This appeal followed.
The Illinois Act, § 2 (Smith-Hurd Ill. Stats. c. 120, § 441; Ill.Rev.Stat.1935, ch. 120, par. 427), imposes an occupational tax "upon persons engaged in the business of selling tangible personal property at retail," computed at the rate of 2 per cent. upon the gross receipts from sales. The statute does not purport to levy a tax upon sales as such, but computes the tax levied for the privilege of following an occupation upon the volume of sales.
The bankrupt was engaged in the restaurant business in the city of Chicago, operating thirteen restaurants. Immediately following the filing of the petition in bankruptcy, receivers were appointed, who were authorized to conduct the business until the election of themselves as trustees, whereupon they were permitted by the court to continue the business until liquidation was complete, which event occurred early in December, 1934.
In refusing to allow the tax for the period from the filing of the petition until June 18, 1934 when the Act of Congress was passed, which provided for the allowance of such tax (28 U.S.C.A. § 124a) we believe the District Court was right. The extension of a tax by implication is not favored. Reinecke v. Gardner, 277 U.S. 239, 48 S.Ct. 472, 473, 72 L.Ed. 866. In the case mentioned, a trustee in bankruptcy had carried on the bankrupt's business at a substantial profit. The commissioner of internal revenue filed a claim for an excess profits tax. The Revenue Act of 1916 (39 Stat. 756), under which the claim was filed, imposed income and excess profits taxes on "individuals, partnerships, and corporations." It did not in terms mention trustees in bankruptcy as taxable persons. After announcing that the tax could not be extended by implication, the court held that the act did not *1004 contemplate taxing a receiver or trustee in bankruptcy.
In United States v. Whitridge, 231 U.S. 144, 34 S.Ct. 24, 25, 58 L.Ed. 159, the government claimed a tax against receivers who were operating a business under order of the court, under a statute which provided for a tax upon "every corporation * * * organized for profit * * * and engaged in business in any State." 36 Stat. 112, § 38. The court said:
"A reference to the language of the act is sufficient to show that it does not in terms impose a tax upon corporate property or franchises as such, nor upon the income arising from the conduct of business unless it be carried on by the corporation. Nor does it in terms impose any duty upon the receivers of corporations or of corporate property, with respect to paying taxes upon the income arising from their management of the corporate assets, or with respect to making any return of such income.
"And we are unable to perceive that such receivers are within the spirit and purpose of the act, any more than they are within its letter. True, they may hold, for the time, all the franchises and property of the corporation, excepting its primary franchise of corporate existence. In the present cases, the receivers were authorized and required to manage and operate the railroads, and to discharge the public obligations of the corporations in this behalf. But they did this as officers of the court, and subject to the orders of the court; not as officers of the respective corporations nor with the advantages that inhere in corporate organization as such."
The question before us has been decided by the Circuit Court of Appeals for the Second Circuit. New York has a statute (Tax Law [Consol.Laws, c. 60] § 391) imposing a tax "for the privilege of selling tangible personal property at retail." The Court of Appeals for the Second Circuit, in Re Flatbush Gum Co., 73 F.(2d) 283, 284, held that the failure of the statute expressly to include a receiver in the class made liable was highly significant and indicated no intention upon the part of the Legislature to levy the tax upon a receiver in bankruptcy. The court said: "An intention to tax retail sales made by receivers must be indicated by words which may reasonably be accepted to disclose it before courts may construe the statute to mean that for the coverage of taxing acts it is not to be extended by implication. * * * The principle that taxation by implication is not favored controls this appeal and leads us to the conclusion that the statute does not reach the sale made by this receiver."
The sale by the receiver there under consideration, however, was an auction sale in liquidation of the estate. In a later case, In re Browning King & Co., Inc. (C.C. A.) 79 F.(2d) 983, the precise question here involved was presented to the court. There the sales were made by the receiver at retail in the conduct of the bankrupt's business. The court affirmed its former holding, obviously upon the ground that the New York sales tax did not by its terms apply to receivers and trustees in bankruptcy.
It is urged, however, that the New York statute (Tax Law [Consol.Laws, c. 60] § 390) defines the word "person" as an individual and that the unqualified use of the word "person" in the Illinois Act (Smith-Hurd Ill.Stats. c. 120, § 440 et seq.) indicates an intention on the part of the Legislature thereby to include a receiver in bankruptcy. We consider the terms "individual" and "person" equivalent to each other. 31 C.J. 885, § 2 (b); In re United Button Co. (D.C.) 137 F. 668. In each of the cases herein cited, the courts were dealing with "persons" or "individuals." In each they are treated as synonymous terms.
Appellant relies upon Michigan v. Michigan Trust Co., 286 U.S. 334, 52 S. Ct. 512, 76 L.Ed. 1136, where a receiver in equity was conducting the business of the corporation, not for liquidation, but in an attempt to save its property and continue its existence. The Supreme Court of Michigan held that the privilege tax exacted of the corporation would extend to the receiver. In re Detroit Properties Corporation, 254 Mich. 523, 236 N.W. 850. The Supreme Court felt impelled to follow this interpretation of the state statute, pointing out the distinction that has been drawn between carrying on the business of a corporation with a view to the continuance of its corporate life and temporary operation by receivers in bankruptcy in aid of liquidation. In our opinion it was not the intent of the court there to modify its holding in United States v. Whitridge, supra.
Here the receivers were appointed under the Bankruptcy Act, not for the purpose *1005 of continuing the corporate life of the bankrupt, but as a step in the liquidation of the estate. Section 2 of the Bankruptcy Act (11 U.S.C.A. § 11) provides that the court shall have jurisdiction to authorize the bankrupt's business to be conducted for limited periods. Such conduct is, obviously, to preserve the good will, until liquidation can be completed, and it is merely a step in the normal liquidation of assets. The act of Illinois fails to show affirmatively that it was intended to assess an occupational tax against a liquidating receiver, temporarily conducting the business until liquidation could be completed, and the District Court rightfully disallowed the claim for the period from the filing of the petition to June 18, 1934, when the later act of Congress was enacted.
In operating the business of the bankrupt, bankrupt and the receivers employed various persons upon a weekly wage basis, who had the right to eat their meals at the restaurants. They were not compelled to do so, and if they failed so to do, they had no demand for additional compensation. The referee found that it was customary to permit employees of restaurants to eat their meals at the places of their employment in the city of Chicago; that this was a mere privilege. The Illinois Act (Smith-Hurd Ill.Stats. c. 120, § 442) provides that the retailer shall determine the value of any consideration other than money received by him in connection with the sale of any personal property and include such value in his return. The referee and the District Court found no evidence of a sale of meals to the employees, and we believe their action in this respect was correct.
As pointed out, the tax is not a sales tax. It is a tax upon the privilege of conducting the retail business, to be measured by the amount of sales. We do not believe serving of meals to the employees by the bankrupt prior to bankruptcy and by the receivers for the period when the tax accrued after June 18th was intended by the act to be included as a part of the measure of the tax due. Remembering that taxes are not to be extended by inference, we find nothing in the act which indicates that the Legislature intended thereby to assess an occupational tax by the measure of the value of meals eaten by employees.
Appellants sought to recover penalties of 25 per cent. upon the taxes allowed. Section 57j of the Bankruptcy Act (11 U.S.C.A. § 93 (j) provides that debts owing to a state as a penalty shall not be allowed, except for the amount of the pecuniary loss and interest. Following this section, it has been held that penalties are not even provable in bankruptcy, but that claims can be allowed only for the amount of the pecuniary loss. In re York Silk Mfg. Co. (D.C.) 188 F. 735, affirmed Pennsylvania v. York Silk Mfg. Co. (C.C.A.) 192 F. 81, appeal dismissed 232 U.S. 718, 34 S.Ct. 601, 58 L.Ed. 813, and certiorari denied, 232 U.S. 724, 34 S.Ct. 602, 58 L. Ed. 815; People of State of New York v. Jersawit, 263 U.S. 493, 44 S.Ct. 167, 68 L. Ed. 405; United States v. Birmingham Trust Co. (C.C.A.) 258 F. 562. Consequently, the claim for penalties was properly disallowed.
It is insisted, however, that the act of June 18, 1934, subjecting receivers in bankruptcy to liability for the occupational tax should be so construed as to eliminate the prohibition against recovery of penalties provided in section 57j. The language of the act does not support this contention. It applies only to taxes, not to penalties. We are not justified in extending its purview.
Furthermore, appellant has not complied with the conditions precedent, necessary to the recovery of penalties provided by the Retailers' Occupational Tax Law. Section 5 of the act (Smith-Hurd Ill.Stats. c. 120, § 444; Ill.Rev.St.1935, c. 120, par. 430), provides that in case of failure to pay the tax, the Department of Finance shall take certain steps and make certain moves. There has been no compliance with these requirements. Statutes imposing penalties are always strictly construed and do not extend to persons or things not expressly within their terms. Elliott v. East Pennsylvania R. R. Co., 99 U.S. 573, 25 L.Ed. 292; People v. Peacock, 98 Ill. 172; Chicago, Rock Island & Pacific Ry. Co. v. People, 217 Ill. 164, 75 N.E. 368. As the Supreme Court of Oklahoma said: "If the notice as provided in this section was not given, plaintiff cannot recover penalties." Roberts v. Kerker, 149 Okl. 275, 300 P. 380, 381. To the same effect is People v. Henckler et al., 137 Ill. 580, 27 N.E. 602.
The orders of the District Court are affirmed.