SCHOOL DISTRICT ANNEXATION Where an entire school district annexes itself to an adjacent school district, the County Superintendent is required to call and hold an election for the purpose of annexing the resultant combined district to another district when presented with a resolution calling for the same by the board of education of the annexing district when proceedings are commenced on the second annexation proceedings within a twelve month period following the first annexation proceedings. This is true because in such cases the annexation is of all of the school district and not a part thereof. The Attorney General has considered your request for an opinion which originated when you were asked the following questions by the County Superintendent of Payne County, Oklahoma: "1. Where an entire School District annexes itself to an adjacent School District, is the County Superintendent of School required to call and hold an election for the purpose of annexing the resultant combined District to another District where proceedings are commenced on the second annexation proceedings within the twelve month period following the first annexation proceedings? "2. If the answer to the first question is that the County Superintendent of Schools is not required to call and hold the second annexation proceedings within a twelve month period, then when is the earliest that such proceedings may be commenced in which the County Superintendent of Schools is required to call and hold such election as applied to the previous proceedings of the Cushing-Harmony annexation proceedings?" Title 70 O.S. 7-1 [70-7-1](a) (1969), provides: "The territory comprising all or part of a school district may be annexed to an adjacent school district, or to a school district in the same transportation area authorized to furnish transportation, or to two or more such districts, when approved at an annexation election called and conducted by the county superintendent of schools (i) in pursuance of a petition for annexation signed by a majority of the school district electors in the territory proposed to be annexed, hereinafter referred to as the area affected, as provided in this Section, or (ii) in pursuance of a resolution adopted by the board of education of the district in which the area affected is situated. Such election shall be held within fifteen (15) days after the county superintendent of schools receives such petition, at some public place in the school district in which the area affected is situated, between the hours of 2:00 p.m. and 6:00 p.m., and notice thereof shall be given by the county superintendent of schools in the same manner as special meetings of the school district electors of school districts; provided, that the county superintendent of schools shall not be required to call or hold an election for the purpose of annexing a part of a school district more than once during any twelve-month period." (Emphasis added) The Supreme Court of Oklahoma has not passed directly upon that portion of Section 7-1(a) encompassed by your questions. Title 70 O.S. 7-1 [70-7-1](a) (1951), enacted as part of the School Code of 1949 did not contain the proviso at the end of Section 70 O.S. 7-1 [70-7-1](a), supra, as now written. In 1953 O.S.L. 1953, ch. A, p. 376, because of a rash of annexations, the following language was added to 70 O.S. 7-1 [70-7-1](a) (1961): ". . . . provided, that the County Superintendent of Schools shall not be required to call or hold an election for the purpose of annexing a part of a school district more than twice each school year." (Emphasis added) and was codified into 70 O.S. 7-1 [70-7-1](a) (1961). Annexations and the many problems connected therewith continued to plague the County Superintendents and the Department of Education and motivated the final amendment of 70 O.S. 7-1 [70-7-1](a) (1961) O.S.L. 1963, ch. 60, p. 83, which, in so far as material here, provides the same as 70 O.S. 7-1 [70-7-1](a) (1969), set out above. O.S.L. 1968, ch. 393, 5, amended Section 7-1(a) to provide an alternative method, that of a resolution by the board of education, of requesting the County Superintendent to call an election for annexation but did not change the language in the proviso at the end of 70 O.S. 7-1 [70-7-1](a) (1969), set out above. Thus, we note Section 7-1(a) of the 1949 School Code has been amended by the Legislature three times and yet the same word "part" in the proviso remains unchanged. All of Section 7-1(a) is concerned with "the territory comprising all or part" of a school district and yet the proviso concerns itself with "part" of a school district. In the case of Miller v. State, 70 Okl. 82, 173 P. 67, the court said: "The proviso of a statute is a clause which generally contains a condition that a certain thing shall not be done in order that something in another clause shall take effect. It implies a condition and defeats the operation of the antecedent clause conditionally ." See also Allen v. Burkhart, Okl., 377 P.2d 821, 827, where the court held: "The office of a proviso in a statute is to restrict or make clear that which has gone before." All of Section 70 O.S. 7-1 [70-7-1](a), supra, except the proviso, appears to make mandatory the calling of an election for annexation of all or part of a school district to another school district upon a petition by a majority of the electors or a resolution by the board of education of the school district seeking to annex. The proviso at the end of Section 7-1(a), supra, contains a condition that "the County Superintendent shall not be required to call or hold an election for the purpose of annexing a part of a school district more than once during any twelve month period." We feel this condition should be strictly construed so as to limit the mandatory provisions which have gone before only to the clear meaning of the word "part" in the proviso. It is therefore the opinion of the Attorney General your question should be answered in the affirmative. Where an entire school district annexes itself to an adjacent school district, the County Superintendent is required to call and hold an election for the purpose of annexing the resultant combined district to another district when presented with a resolution calling for the same by the board of education of the annexing district when proceedings are commenced on the second annexation proceedings within a twelve month period following the first annexation proceedings. This is true because in such cases the annexation is of all of the school district and not a part thereof. The answer to your first question negates the need for an answer to your second question. (W. J. Monroe)